**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ferdinand Tafallia ORBINO,**
**Defendant–Appellant.**

**No. 91–10179.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1992.*

Decided Dec. 4, 1992.

Ferdinand Tafallia Orbino, pro se.

Thomas Muehleck, Asst. U.S. Atty., Honolulu, HA, for plaintiff-appellee.

Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

This case calls on us to decide whether the Speedy Trial Act's 30–day clock begins to run when a defendant, under suspicion of a crime for which he is later convicted, is in the meantime arrested on an unrelated charge. We agree with the district court that it does not, and affirm appellant Orbino's conviction.[1]

---

**3.** The district court found that Connor exhausted his state court remedies. We accept that finding.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

**1.** Orbino raises four other challenges to his conviction and sentence, which we address in an accompanying unpublished disposition.

## I

On December 23, 1989, Orbino was arrested by the Honolulu Police Department ("HPD") in connection with a raid on a cock fight. He and two others had been found in a van with a small amount of crystal methamphetamine and a large amount of cash.

Officer Barlow of the Immigration and Naturalization Service ("INS") had once requested that the HPD notify him if Orbino were ever apprehended, so that the INS could execute a 1976 immigration warrant for Orbino's arrest. Thus, after charging Orbino with Promoting a Dangerous Drug III, the HPD telephoned Officer Barlow and explained that it was prepared to release Orbino pending investigation. Instead, Agent Barlow came and arrested Orbino on the outstanding immigration warrant. Orbino was transferred to INS custody, where he was held until mid-January of 1990.

At that time, knowing that the INS was about to release Orbino on bail, federal prosecutors filed a complaint against him alleging a single count of possession with intent to distribute methamphetamine. Orbino was arrested on this drug charge on January 16, 1990 and indicted February 9, 1990. This first indictment issued less than thirty days after the federal drug arrest, but more than thirty days after Orbino was originally taken into custody by the INS.

On March 16, 1990, the second superseding indictment in a separate and much larger drug case came down, naming Orbino as a codefendant for the first time. The indictment alleged a methamphetamine distribution ring run by "Sonny" Guerrero. Charges against Orbino included the possession charge contained in his indictment of February 9, 1990, as well as a conspiracy charge and four other substantive possession counts. Orbino was tried and convicted under this indictment.

## II

■ The Speedy Trial Act requires that the "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3161(b). Orbino repeats on appeal two arguments made to the district court that this requirement was not met. This court reviews factual findings concerning the Speedy Trial Act for clear error and questions of law regarding its interpretation de novo. *United States v. Nash*, 946 F.2d 679, 680 (9th Cir.1991).

■ First, Orbino alleges that his arrest by the INS on December 23, 1989 was a ruse, and that federal officers on a drug enforcement task force manipulated the "mock" deportation proceedings to ensure he would be detained continuously from that date. Citing *United States v. Okuda*, 675 F.Supp. 1552 (D.Haw.1987), he argues that the immigration arrest and the federal drug charges are so closely intertwined that his INS arrest on December 23, 1989 started the speedy trial clock ticking. The district court found, however, that "there was no collusion between the INS and the [task force investigating the Guerrero drug ring] in the arrest of defendant Orbino." Moreover, "*United States v. Okuda* was inapposite because 'defendant's arrest on the outstanding INS warrant was not for the same conduct, and indeed was wholly separate from, the later conduct charged in the criminal indictment.'" The district court held firm in its analysis even after Orbino prevailed in the INS proceeding.

■ We agree with the district court. The Speedy Trial Act allows the government thirty days to indict "from the date on which [the defendant] was arrested . . . *in connection with such charges.*" 18 U.S.C. § 3161(b) (emphasis added); *see also United States v. Pollock*, 726 F.2d 1456, 1463 (9th Cir.1984) (Speedy Trial Act requires dismissal only of those charges contained in the complaint but not brought to indictment within 30 days). Orbino points to no persuasive evidence that the December 23, 1989 arrest had any connection with the federal drug charges. The immigration warrant, pursuant to which the INS arrested Orbino, predated by more than a decade

the drug investigation that led to his indictment. And the immigration judge's ruling, although favorable to Orbino, in no way suggests that the INS proceedings against him were undertaken in bad faith. That the federal prosecutors kept a sharp eye on the proceedings and arranged to arrest Orbino before the INS released him on bail does not render the INS arrest or proceedings a ruse. Nor does it suggest that the INS arrest should trigger the Speedy Trial clock for the drug indictment. A defendant who is " 'under the cloud of a potential prosecution' because of his [initial] arrest," but who has not yet been formally charged with an offense, is not protected by the Speedy Trial Act. *United States v. Candelaria,* 704 F.2d 1129, 1131–32 & n. 2 (9th Cir.1983).

■ The second and apparently related aspect of Orbino's Speedy Trial Act claim concerns the timing of the superseding indictment. Orbino alleges that the government's case against him under the March 16, 1990 indictment was complete well before his January arrest. As a result, he would have us decide that charges contained in the superseding indictment were untimely. We agree with the district court that the law of this circuit does not support such a claim. A superseding indictment issued before the original indictment is dismissed may issue more than thirty days after the arrest. *United States v. McCown,* 711 F.2d 1441, 1447 (9th Cir. 1983). Not all charges must be filed within the first thirty day period. *United States v. Gonzalez–Sandoval,* 894 F.2d 1043, 1050 (9th Cir.1990).

AFFIRMED.