21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John BERRY, Defendant-Appellant.
 No. 92-16647.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Berry, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Berry was convicted of manufacturing methamphetamine with intent to distribute. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and review de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1991). We affirm.
 
 
 3
 We note at the outset that it is very difficult to determine precisely what claims Berry is attempting to raise on appeal. However, based on our review of Berry's voluminous filings with the district court and with this Court, we discern the following issues: (1) his conviction was based on evidence obtained in an illegal search and seizure, (2) the indictment was faulty in numerous respects, (3) he was denied his right to a speedy trial, and (4) he received ineffective assistance of counsel.
 
 Search and Seizure
 
 4
 Berry claims that evidence obtained in a search of his houseboat should have been suppressed because the search warrant was defective and because the search was executed illegally. However, a federal court is precluded from granting habeas corpus relief on the basis that evidence obtained in an illegal search or seizure was introduced at a federal trial if the defendant had an opportunity to litigate his Fourth Amendment claim fully and fairly at trial. Tisnado v. United States, 547 F.2d 452, 456 (9th Cir.1976). Here, Berry failed to file a suppression motion regarding the search and seizure when he had the opportunity to do so. Accordingly, this claim is not cognizable in a section 2255 motion. See id.
 
 Indictment Claims
 
 5
 Berry claims that his indictment was defective because it was multiplicitous and because it failed to charge an essential element of the crime. In addition, he claims that he was convicted and sentenced based on charges that were not contained in the indictment. Finally, he claims that there were three indictments in existence when he was tried, which subjected him to "triple jeopardy." These contentions have no merit.
 
 
 6
 Objections to an indictment based on duplicity must be raised pretrial, or they will be deemed waived. Fed.R.Crim.P. 12(f); United States v. Gordon, 844 F.2d 1397, 1400 (9th Cir.1988). Berry did not argue that the indictment was multiplicitous pretrial. Accordingly, he has waived this argument. See Fed.R.Crim.P. 12(f); Gordon, 844 F.2d at 1400.
 
 
 7
 Berry claims that the indictment was defective because it did not contain an essential element of the crime. He contends that the indictment, which charges that he used a telephone to facilitate an attempt to manufacture methamphetamine, is defective because it does not indicate who he spoke to on the telephone or the content of the conversation. However, we agree with the district court that the indictment provided a "plain, concise and definite written statement of the essential facts constituting the offenses charged," and that Berry had constitutionally sufficient notice of the charges against him. See Fed.R.Crim.P. 7(c)(1).
 
 
 8
 Berry also claims that he was convicted of charges that were not presented to the grand jury and were not included in the indictment. Specifically, Berry contends that there were three indictments in existence at trial, and that the district court and prosecuting attorneys somehow created a new indictment by piecing together charges from the three existing indictments. However, the record clearly shows that Berry was found guilty and convicted only of the charges brought in the superseding indictment filed on July 15, 1988. This indictment was approved by the grand jury and signed by the deputy foreman. Accordingly, Berry's claims that he was convicted on crimes not charged by the grand jury and that he was charged on the basis of three different indictments (and thereby subjected to "triple jeopardy") must fail.
 
 Speedy Trial Claims
 
 9
 Berry raises two claims under the Speedy Trial Act. First, he claims that the superseding indictment was not filed within 30 days of his arrest, as required by 18 U.S.C. Sec. 3161(b). However, we have held that a "superseding indictment issued before the original indictment is dismissed may issue more than thirty days after the arrest." United States v. Orbino, 981 F.2d 1035, 1037 (9th Cir.1992), cert. denied, 114 S.Ct. 256 (1993). Accordingly, this claim must fail.
 
 
 10
 Berry also claims that more than 70 days passed between the filing of the indictment and the commencement of his trial, in violation of 18 U.S.C. Sec. 3161(c)(1). Berry contends, specifically, that the district court improperly granted an "ends of justice" continuance to allow his attorney to familiarize himself with the case. However, we need not determine whether this continuance was proper because Berry was tried within 70 days of indictment even if the continuance is disregarded.
 
 
 11
 The original indictment was filed on May 20, 1988. The defense made a discovery motion on June 3, which was decided on June 10. These eight days are excludable under section 3161(h)(1)(F). On June 28, Berry's counsel made a motion to withdraw, which was granted on July 6; these nine days are similarly excludable. On July 29, the district court filed an order indicating that the time period between July 15 and November 4 would be excluded to allow for the joinder of the codefendants named in the July 15 superseding indictment; this order is proper under section 3161(h)(7). Berry was tried on October 17. According to our calculations, only 46 nonexcluded days passed between the filing of the original indictment and Berry's trial. Thus, Berry's rights under the Speedy Trial Act were not violated. See 18 U.S.C. Sec. 3161(b).
 
 Ineffective Assistance of Counsel
 
 12
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. We must then determine whether, in light of all the circumstances, the identified acts fall outside the wide range of competence allowed attorneys in criminal cases. See id.; Iaea, 800 F.2d at 864. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the jury would have had a reasonable doubt about his guilt. Strickland, 466 U.S. at 695.
 
 
 13
 Berry contends that his counsel was ineffective for failing to enforce his right to a speedy trial and for failing to object to the form of the indictment. Because we have already determined that Berry received a speedy trial and that the indictment was not defective, these claims have no merit. See Strickland, 466 U.S. at 687.
 
 
 14
 Berry also contends that counsel should have filed a motion to suppress the evidence found in a search of his houseboat, because the search warrant was defective. Berry appears to concede, in papers filed with the district court, that the affidavit on which the search warrant was based was facially valid. He also states that he discussed the matter with counsel, who told him that "there was nothing in the search warrant that could be attacked." Berry's numerous allegations of improprieties in the search warrant, or inconsistencies between the affidavit and the testimony given at trial, are not sufficient to show that counsel's failure to challenge the search warrant constitutes deficient performance. See id.
 
 
 15
 Berry further contends that counsel admitted his guilt to the jury, thus effectively abandoning his defense. However, Berry does not allege any facts to support this claim. More importantly, this claim was not raised in the district court. Accordingly, we decline to address it on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 16
 Berry alludes to numerous other alleged errors by counsel. However, we agree with the district court that these claims "are not sufficiently specific to allow the Court to rule on them at this time. Mr. Berry has essentially presented a laundry list of actions that he believes that his lawyers should have performed without stating how performing these actions would have made any difference in the outcome of this trial." Even according Berry the liberal construction of his filings to which he is entitled as a pro se litigant, his ineffective assistance claims are too vague to decipher precisely what his contentions are. Accordingly, we find that he has not met his burden of pointing to specific acts of counsel that were deficient, and indicating how these deficiencies caused him prejudice within the meaning of Strickland.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. All pending motions are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3