145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Andre HARRIS, Defendant-Appellant.
 No. 97-10175.
D.C. No. CR-96-00095-LDG.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 19, 1998.
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andre Harris appeals his jury conviction and sentence for distribution of cocaine base and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Harris contends that his superceding indictment violated the Speedy Trial Act's thirty day limit on the time between arrest and indictment, as set forth in 18 U.S.C. § 3161(b). This contention lacks merit because "[a] superseding indictment ... may issue more than thirty days after the arrest." See United States v. Orbino, 981 F.2d 1035, 1037 (9th Cir.1992).
 
 
 4
 Harris next contends that the district court abused its discretion by admitting Harris's prior convictions for impeachment purposes pursuant to Fed.R.Evid. 609(a)(1).[1] This contention lacks merit.
 
 
 5
 The district court did not abuse its discretion by ruling, under Rule 609(a)(1), that the probative value of Harris's prior convictions outweighed their prejudicial effect because the impeachment value of the priors was high, and Harris's testimony and his credibility were of central importance to his public authority defense. See United States v. Alexander, 48 F.3d 1477, 1488-89 (9th Cir.1995); Fed.R.Evid. 609(a)(1) (incorporating Fed.R.Evid. 403). While the similarity between Harris's prior convictions and the charged offense militated against admission under Rule 609(a)(1), this factor is not dispositive. See Alexander, 104 F.3d at 1488.
 
 
 6
 Harris argues that his stipulation to certain elements of the Government's case did not include a stipulation to the chemical analysis of the drugs at issue and therefore that the district court erred by sentencing him to life in prison under 21 U.S.C. § 841(b)(1)(A)(iii) for distribution of cocaine base. We disagree.
 
 
 7
 Because Harris made no objection at sentencing to this alleged factual inaccuracy, we review for plain error. See United States v.. Davis, 36 F.3d 1424, 1435 (9th Cir.1994).
 
 
 8
 This district court did not commit plain error by sentencing Harris to life in prison under section 841(b)(1) because Harris stipulated that he committed the acts alleged in the indictment, which included distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). See id. To the extent that Harris argues there was insufficient evidence to support his conviction, this argument lacks merit because Harris's stipulation constitutes evidence which, construed in the light most favorable to the prosecution, would allow a reasonable juror to find Harris guilty. See United States v. Bentson, 947 F.2d 1353, 1355 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We need not address Harris's contention that the district court also violated Fed.R.Evid. 404(b) because any error in admitting prior convictions under Rule 404(b) is harmless if the evidence was properly admitted under Rule 609(a)(1), unless the record shows "that the defendant would not have testified but for the court's Rule 404(b) ruling." See United States v. Cordoba, 104 F.3d 225, 229 (9th Cir.1997). Here there is no indication that Harris would not have testified but for the admission of his priors