**UNITED STATES of America**

**v.**

**Clifford Leon WILSON, III, et al., Defendants.**

**Crim. No. 90–61–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

May 1, 1991.

William P. Gifford, Macon, Ga., for U.S.

Denmark Groover, Jr., Macon, Ga., for defendants.

**ORDER**

OWENS, Chief Judge.

On August 11, 1990, defendant Wilson was arrested and detained on a warrant charging him with breaking into the Milner, Georgia, United States Post Office on September 17, 1989, to commit larceny and with possessing stolen blank postal money orders, and a postal money order machine, all in violation of 18 U.S.C. §§ 2, 500, and 2115. After a detention hearing, he was released on bail on August 16, 1990. On August 28, 1990, defendant was indicted for the September 17, 1989, post office larceny, stealing 371 blank money orders, and theft of a postal money order machine.

After he was indicted, defendant's case proceeded before this court's magistrate judge pursuant to the usual pretrial procedure of arraignment and consideration of pretrial motions. Trial dates were assigned and continued by orders dated November 5, 1990, and December 21, 1990, as to which there is no Speedy Trial Act complaint.

On January 23, 1991, the grand jury returned a superseding indictment containing the charges that are in the August 28, 1990, indictment plus additional charges of conspiracy, possession of a firearm after being convicted of a felony, and possession of ammunition after being convicted of a felony, all in violation of 18 U.S.C. §§ 371 and 922(g)(1) in connection with § 924(a). The August 28, 1990, indictment was not and has not been dismissed.

By motion to dismiss the superseding indictment, defendant Wilson contends that the addition of three new charges by superseding indictment issued some five months after he was first arrested and indicted was in violation of the Speedy Trial Act's thirty-day time limit as set forth in 18 U.S.C. § 3161(b), to wit:

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand

jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

in that the superseding indictment was filed more than thirty days from the date on which he was arrested. In effect, he urges that the Speedy Trial Act not only guarantees the speedy indictment of an arrested individual, but also limits the time within which an arrested individual may be indicted. It acts, he says, as a statute of limitations for the return of an indictment on an arrested defendant—he must be and may only be indicted within thirty days of this arrest. The government vigorously contends otherwise.

Considered as a whole, the Speedy Trial Act guarantees in § 3161(b) that an arrested individual will be indicted within thirty days of his arrest and then tried within a specified period of time calculated in accordance with the Act. On the other hand, the Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged. In short, the Speedy Trial Act is not a statute of limitations.

The congressionally enacted statute of limitations for non-capital crimes is found in 18 U.S.C. § 3282, to wit:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

It is that statute—not the Speedy Trial Act—that specifies the time within which an arrested indicted defendant may be charged with additional crimes by superseding indictment. The five-year period therein specified has not been violated as to this defendant and this indictment. His motion to dismiss was denied on April 24, 1991. His motion for reconsideration of that order is therefore also DENIED. *See United States v. Mulherin*, 521 F.Supp. 824, 827, 529 F.Supp. 916 (S.D.Ga.1981), *aff'd other grounds*, 710 F.2d 731 (11th Cir.1983), *cert. denied*, 464 U.S. 964, 104 S.Ct. 402, 78 L.Ed.2d 343; *United States v. McCown*, 711 F.2d 1441, 1445 (9th Cir. 1983); *United States v. Pollock*, 726 F.2d 1456 (9th Cir.1984); *United States v. Mitchell*, 723 F.2d 1040, 1044 (1st Cir.1983).

SO ORDERED.