UNITED STATES of America,
Plaintiff–Appellee,

v.

Wenceslao MORIN, Defendant–Appellant.

No. 93–8878.

United States Court of Appeals,
Eleventh Circuit.

Oct. 5, 1994.

Chris Jensen, Office of Chris Jensen, Atlanta, GA, for appellant.

Joe D. Whitley, U.S. Atty., Nezida S. Davis, Amy Levin Weil, Asst. U.S. Attys., Atlanta, GA, for appellee.

Before DUBINA, Circuit Judge, MORGAN, Senior Circuit Judge, and MOORE *, District Judge.

---

2. Appellant's other questions present no reversible errors of law.

* Honorable K. Michael Moore, U.S. District Judge for the Southern District of Florida, sitting by designation.

**K. MICHAEL MOORE, District Judge:**

Appellant Wenceslao Morin ("Morin") appeals his conviction for the use of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c). For the reasons that follow, we affirm Morin's conviction.

## I. Facts and Procedural History

Agents of the Drug Enforcement Administration ("DEA") arrested Morin on October 4, 1992 after he sold cocaine to Kenny Prevette ("Prevette") for $45,000. Prevette, who was Morin's neighbor, had been cooperating with the government since late September 1992. Prior to Morin's arrest, Prevette purchased cocaine from Morin once or twice a week for personal use over the course of several months. Later, Prevette began to purchase a kilogram of cocaine from Morin every seven to ten days. Prevette would then sell the drugs to customers. The transactions between Prevette and Morin all took place in Morin's bedroom where a gun was usually visible.

On September 30, 1992, Prevette called Morin in New York and requested two kilograms of cocaine; the following day Morin and Prevette agreed on the $45,000 price. Morin arrived on October 4, 1992, and the two met at Morin's apartment. Morin looked at Prevette's money and then sent Prevette away for twenty minutes. Prevette returned and waited in the living room for a few minutes until Morin told him to come upstairs. When Prevette entered the bedroom, he saw a .357 magnum on the windowsill. After Prevette counted the money, Morin retrieved the cocaine from under the bed covers, weighed it, took some out for himself and put the cocaine in a bag that he gave to Prevette who then left. This transaction, as well as earlier conversations, had been recorded with Prevette's consent. DEA agents arrested Morin and found cocaine, various drug paraphernalia and the following items in the bedroom: 1) a holstered Ruger .357 magnum revolver, on the top of the windowsill, loaded with five rounds of ammunition; 2) an unloaded Titan .25 caliber semi-automatic pistol and fifty rounds of ammunition for the gun in the top drawer of the dresser;

and 3) forty-one rounds of .357 ammunition in the same drawer. Morin later argued that these weapons were to protect him and his jewelry business.

On October 29, 1992, a federal grand jury indicted Morin. A grand jury returned a superseding two-count indictment on December 12, 1992. Count One charged Morin with knowingly distributing a quantity of cocaine in violation of 21 U.S.C. § 841. Count Two charged him with knowingly using and carrying a Ruger .357 magnum revolver and a Titan .25 caliber semi-automatic pistol during the commission of and in relation to the drug trafficking offense in Count One, in violation of 18 U.S.C. § 924(c). On April 7, 1993, a jury convicted Morin on both Counts.

On April 14, 1993, Morin filed a post-trial Motion for Judgment of Acquittal or in the Alternative Motion for New Trial which was subsequently denied. The court sentenced Morin to a term of imprisonment of 168 months on Count One and to a term of 60 months on Count Two to run consecutively with Count One. The court also imposed four years of supervised release and a special assessment of $100. Morin, who is presently incarcerated, filed the instant appeal challenging the sufficiency of the evidence to support the conviction and the district court's denial of his post-trial motion.

## II. Standard of Review

■ The sufficiency of the evidence to support a jury verdict is a question of law subject to *de novo* review. *United States v. Harris,* 20 F.3d 445, 452 (11th Cir.1994). In making this determination, we view the evidence in the light most favorable to the government and determine whether the jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Poole,* 878 F.2d 1389, 1391 (11th Cir.1989) (per curiam). "The Court need not exclude every reasonable hypothesis of innocence or find guilt to be the only reasonable conclusion." *United States v. Garcia,* 13 F.3d 1464, 1473 (11th Cir.) (citing *United States v. Kelly,* 888 F.2d 732, 740 (11th Cir.1989)), *cert. denied,* —— U.S. ——, 114 S.Ct. 2723, 129 L.Ed.2d 847 (1994).

■ A district court's decision to deny a motion for new trial will not be overturned unless the ruling amounted to an abuse of discretion. *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir.), *cert. denied*, 497 U.S. 1029, 110 S.Ct. 3284, 111 L.Ed.2d 792 (1990); *United States v. Michael*, 17 F.3d 1383 (11th Cir.1994).

## III. *Discussion*

### A. *Sufficiency of the Evidence*

Morin argues that the evidence at trial was insufficient to support his conviction on Count Two. Morin claims that the weapons found in his apartment were to protect him while transporting jewelry for his business and that the "mere presence" of the weapons in the bedroom where the drug sale took place cannot support a conviction under 18 U.S.C. § 924(c). The government argues that the evidence indicates that Morin had the weapons to protect him in his drug transactions.

■ Section 924(c) provides in pertinent part as follows:

> Whoever, during and in relation to any … drug trafficking crime … for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime … be sentenced to imprisonment for five years.

The issue facing the Court is whether the firearms found in Morin's bedroom were used "during and in relation to" the drug trafficking offense. Morin is correct that the mere presence of a firearm absent any other facts would not support a conviction under 18 U.S.C. § 924(c). *See Poole*, 878 F.2d at 1393. As this Court has stated, "possession of a firearm constitutes use in relation to a drug trafficking offense if the possession is an integral part of, and facilitates the commission of, the drug trafficking offense." *Poole*, 878 F.2d at 1393. As this Court recently stated, "[t]he presence of weapons in a location that the defendant used to distribute a significant quantity of illegal drugs is sufficient to submit to the jury the issue of whether the defendant used the firearm in connection with a drug trafficking crime."

*United States v. Jones*, 28 F.3d 1574 (11th Cir.1994) (quoting *United States v. Clavis*, 956 F.2d 1079, 1095 (11th Cir.)) (citing *Poole*, 878 F.2d at 1393), *cert. denied*, — U.S. —, 112 S.Ct. 2979, 119 L.Ed.2d 597, *modified on other grounds*, 977 F.2d 538 (11th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993).

■ In this case, Morin engaged in numerous drug transactions with Prevette for over a year. The dealings occurred in Morin's bedroom where one firearm was usually visible and both of the weapons were readily accessible in the event that Morin needed them to protect the cocaine, the money and himself. The jury could have found, beyond a reasonable doubt, that these weapons were not for Morin's jewelry business but were for his drug transactions.

Morin attempts to distinguish this case from *Poole* by arguing that *Poole* involved the underlying offense of possession with intent to distribute while the instant case involved a single cocaine sale. This is a difference without a distinction and this Court sees no reason why *Poole* and the recent decision in *Jones* should not apply to this case. Therefore, we find the evidence at trial supports Morin's conviction.

### B. *Motion for New Trial*

■ Morin also argues that the district court erred when it denied Morin's Motion for New Trial. Because Count Two charged Morin with using both the .357 magnum and the .25 caliber semi-automatic pistol in relation to the drug sale, Morin argues that he is entitled to a new trial because the general jury verdict did not indicate which of the two guns was used during the drug sale. Morin relies on *United States v. Theodoropoulos*, 866 F.2d 587 (3d Cir.1989), *mandamus denied*, 489 U.S. 1009, 109 S.Ct. 1179, 103 L.Ed.2d 246 (1989), *reh'g denied*, 490 U.S. 1032, 109 S.Ct. 1773, 104 L.Ed.2d 208, in which the court found that three of the four handguns found at the crime scene could not support a conviction under 18 U.S.C. § 924(c). In that case the court reversed a conviction because the jury's general verdict did not indicate which of the guns the jury concluded had been used. However, to ob-

tain a conviction under 18 U.S.C. § 924(c), the government needs to prove only that the defendant used one of the guns in relation to the drug trafficking. *See United States v. Correa–Ventura*, 6 F.3d 1070, 1082–87 (5th Cir.1993). In addition, the jury is not required to reach a unanimous verdict as to which gun the defendant used. *Id.* Although the court in *Correa–Ventura* warned that some violations of 18 U.S.C. § 924(c) may require that the jury reach a unanimous decision on the gun used, the facts here do not warrant unanimity. *See id.* at 1087. In the instant case, the jury could easily have concluded that the defendant used at least one of the two firearms that were in the bedroom where the drug transaction took place.[1] The district court did not abuse its discretion in denying Morin's motion for new trial on this ground.

IV. *Conclusion*

For the reasons stated above, we affirm Morin's conviction and find no error in the district court's denial of Morin's motion for new trial.

AFFIRMED.

---

1. The Court notes that the government could have avoided any confusion on this issue by charging Morin with a separate violation of Sec-tion 924(c) for each weapon rather than indicting him for both weapons in a single count.