United States Court of Appeals,

Eleventh Circuit.

No. 95-3084.

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Carlos MOSQUERA, Defendant-Appellant.

July 31, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-152-CR-Orl-22), Anne C. Conway, Judge.

Before TJOFLAT, Chief Judge, and HATCHETT and BLACK, Circuit Judges.

PER CURIAM:

Appellant Carlos Mosquera was originally indicted on November 3, 1994, on one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He was arrested on November 8, 1994. Appellant proceeded to trial, and after a hung jury, the district court declared a mistrial on March 16, 1995. On March 23, 1995, the Government filed a superseding indictment which included additional charges. Appellant proceeded to trial on the superseding indictment on May 15, 1995, and was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and use of a communication facility in the commission of a felony in violation of 21 U.S.C. § 843(b). He was sentenced to 78 months' imprisonment and 4 years' supervised release. Mosquera appeals his convictions and sentence.

Appellant contends the superseding indictment was issued more than 30 days after his original indictment and arrest in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b), and must therefore be dismissed under 18 U.S.C. § 3162(a)(1).  A superseding indictment that issues more than 30 days after the arrest, but before the original indictment is dismissed, does not violate § 3161(b). *United States v. Orbino,* 981 F.2d 1035, 1037 (9th Cir.1992), *cert. denied,* 510 U.S. 893, 114 S.Ct. 256, 126 L.Ed.2d 208 (1993).

> [T]he Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty day period, be indicted for every crime known to the government, failing which he may never be charged.  In short, the Speedy Trial Act is not a statute of limitations.
>
> ... [The applicable statute of limitations] specifies the time within which an arrested indicted defendant may be charged with additional crimes by superseding indictment.

*United States v. Wilson,* 762 F.Supp. 1501, 1502 (M.D.Ga.1991).[1]  It is undisputed that the charges brought in the superseding indictment are within the applicable five-year statute of limitations.

Appellant's reliance on *United States v. Van Brandy,* 563 F.Supp. 438 (S.D.Cal.1983), is misplaced.  In *Van Brandy,* the district court dismissed counts added in a superseding indictment where the government was in possession of all facts needed to proceed with the superseding indictment, but did not file the superseding indictment until the eve of trial.  563 F.Supp. at 441. Contrary to Appellant's contention, the record reveals that the

---

[1]Appellant's attempt to distinguish *Wilson* is not convincing.  That a mistrial due to a hung jury may have occurred in the instant case is not relevant to whether a superseding indictment may issue more than 30 days after original indictment and arrest.

Government did not file the superseding indictment on the "eve of trial" as in *Van Brandy,* but filed it almost two months before retrial.  Therefore, no Speedy Trial Act violation has occurred, and Appellant's argument is without merit.[2]

Appellant argues that insufficient evidence exists to support his convictions.  Although sufficiency of the evidence is a question of law subject to *de novo* review, in doing so, we must view the evidence in the light most favorable to the Government to determine whether the jury could have found the defendant guilty beyond a reasonable doubt.  *United States v. Morin,* 33 F.3d 1351, 1352 (11th Cir.1994).  "The Court need not exclude every reasonable hypothesis of innocence or find guilt to be the only reasonable conclusion."  *Id.* (quoting *United States v. Garcia,* 13 F.3d 1464, 1473 (11th Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 2723, 129 L.Ed.2d 847 (1994)).  Viewing the evidence in the light most favorable to the Government, we conclude that a reasonable jury could find that the evidence establishes Appellant's guilt on each charge beyond a reasonable doubt.

Appellant contends the district court erred in attributing 4 kilograms of cocaine to him in sentencing and in failing to sentence him as a minimal participant, rather than as a minor participant, under U.S.S.G. § 3B1.2.  We review a sentencing court's determination of the quantity of drugs involved in a conspiracy for clear error.  *United States v. Alston,* 895 F.2d

---

[2]Further, we note that the Double Jeopardy Clause does not prohibit the issuance of a superseding indictment after a mistrial, even if it alters, adds, or deletes charges. *United States v. Corona,* 804 F.2d 1568, 1570-71 (11th Cir.1986), *cert. denied,* 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987).

1362, 1369 (11th Cir.1990). A sentencing court's determination of the defendant's role as a "minor" or "minimal" participant in an offense is also reviewed for clear error. *Id.* Having reviewed the record, we find no error on the part of the district court.

AFFIRMED.