In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3835

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODNEY E. HEMMINGS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. EV 99-39-CR--Richard L. Young, Judge.

ARGUED May 17, 2001--DECIDED July 12, 2001


  Before HARLINGTON WOOD, JR., KANNE, and
ROVNER, Circuit Judges.

  HARLINGTON WOOD, JR., Circuit Judge.  On
May 2, 2000, defendant-appellant Rodney
E. Hemmings was charged in a five-count
superseding indictment in the United
States District Court for the Southern
District of Indiana. On July 6, 2000, a
jury convicted Hemmings on all five
counts. Counts 1, 2, and 3 alleged
violations of 18 U.S.C. sec. 922(a)(6)
(making false statements in connection
with the acquisition of firearms), Count
4 alleged a violation of 18 U.S.C. sec.
922(g)(1) (felon in possession of
firearms), and Count 5 alleged a
violation of 18 U.S.C. sec. 922(g)(9)
(possession of firearms by person
convicted of a domestic violence crime).
Hemmings appeals his conviction on all
five counts. His appeal is in large part
based on alleged violations of the Speedy
Trial Act, 18 U.S.C. sec. 3161. For the
reasons set forth in the following
opinion, we affirm the conviction.

I.  Background

  On December 19, 1998, Hemmings entered
Goldman's Pawn Shop in Evansville,
Indiana, and attempted to retrieve a
shotgun he had previously pawned. This
act required the completion of the Bureau
of Alcohol, Tobacco, and Firearms ("ATF")
Firearms Transaction Record, referred to

as Federal Form 4473. On this form Hemmings denied that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, denied that he had been convicted of misdemeanor crimes of domestic violence, and denied that he was under indictment for a crime punishable by a year in jail. In actuality, Hemmings had several prior convictions, including a 1992 felony conviction for attempted voluntary manslaughter and a 1990 misdemeanor conviction for battery of a person under thirteen years of age. Also, Hemmings had been arrested on December 3, 1998 on felony battery charges. These charges, which were later dismissed, were pending on December 19, 1998. In spite of Hemmings' misrepresentations, Goldman's Pawn refused to return the gun to Hemmings. Hemmings did regain possession of the shotgun along with a second shotgun he had pawned by giving his friend Frederick Draper the pawn tickets and the money to pick up the guns at the pawn shop for him.

On July 28, 1999, a Warrick County Sheriff's deputy interviewed Hemmings about the ATF form he had filled out at the pawn shop. Hemmings denied possessing any firearms at that time. After the interview, Hemmings, fearing a search warrant for guns would be issued, gave the various guns in his possession, including the two named in the indictment, to his ex-wife, Deneisa Hemmings. On August 6, 1999, Deneisa Hemmings, because of her fear of Hemmings, met with members of the Warrick County Sheriff's Department to turn over the guns Hemmings had given to her. Deneisa Hemmings then signed a written statement explaining how she came to possess the guns. Hemmings and Deneisa Hemmings remarried in December 1999.

Because the main issue of this appeal is the Speedy Trial Act, a close review of the procedural history is necessary. Hemmings was first indicted by a federal grand jury on December 21, 1999 on three counts alleging violations of 18 U.S.C. sec. 922(a)(6). Hemmings was arrested, and he made his initial court appearance on December 23, 1999. A detention hearing occurred on December 27, 1999, resulting in Hemmings' release on his own recognizance.

The court set the trial date for February 22, 2000, but the defense filed a motion for continuance, which the court granted on February 17, 2000. The district judge then set a new trial date of April 24, 2000. On April 17, 2000, the government filed a motion in limine asking the court to determine whether the statement made by Deneisa Hemmings on August 6, 1999 was precluded by spousal privilege because of her subsequent remarriage to Hemmings. The government then made a motion to compel Hemmings to produce a fingerprint exemplar on April 19, 2000.

A pre-trial conference was held on April 21, 2000, at which time the court stated that it would not be able to conduct the trial on April 24, 2000, and rescheduled the trial for July 10, 2000. The judge individually asked defense counsel, Hemmings, and the prosecutor whether they had any objection to rescheduling the trial. Each person indicated that they did not. The judge also inquired as to the government's motion in limine. The judge stated that he was sure defense counsel wanted to have some time to respond to the government's motion, to which defense counsel responded, "Yes, I do." The judge then replied, "I'm inclined to grant their motion and allow the statement in, but certainly I'll allow you an opportunity to respond to the motion, and we'll rule on it at that time." Defense counsel never filed a response to the motion in limine, and the district court never ruled on the motion.

On May 2, 2000, the government filed a superseding indictment, adding Counts 4 and 5. The superseding indictment also added the word "knowingly" to the first three counts. Hemmings made his initial appearance on the superseding indictment on May 25, 2000, at which time his trial date was moved to July 5, 2000.

On June 15, 2000, the district court granted the government's motion to compel production of a fingerprint exemplar, and on June 19, 2000, Hemmings filed a motion to dismiss for alleged violations of the Speedy Trial Act. In his motion, Hemmings asserted first that the superseding indictment should be dismissed as untimely and secondly, that the allotted time to bring the initial three charges to trial had elapsed. The government

filed its opposition to Hemmings' Speedy Trial motion on June 27, 2000, and the court denied the motion on June 30, 2000. In making that decision, the district court found that the Speedy Trial Act did not require the superseding indictment to be filed within thirty days of Hemmings' arrest, even though the government did possess the information necessary for the superseding indictment at the time of Hemmings' first indictment./1 The district judge further found that the case was well within the seventy days allotted to bring a case to trial under 18 U.S.C. sec. 3161(c)(1). In calculating the amount of time before the trial began, the district court excluded the period from December 23, 1999 to December 27, 1999, because of the government's motion for pre-trial detention. The time from February 7, 2000 until April 24, 2000 was excluded because of Hemmings' motion for a continuance. The district court also excluded the time from April 21, 2000 (the date of the court's sua sponte continuance) until June 19, 2000 (the date Hemmings filed the motion to dismiss) "pursuant to the Court's continuance at the pretrial conference." Finally, the court determined that the period from April 17, 2000 (the date of the government's motion in limine) to June 19, 2000 was also excludable based on Hemmings' failure to respond to the government's motion.

The trial began on July 5, 2000, and a jury convicted Hemmings of all counts on July 6, 2000. Hemmings was sentenced to seventy months imprisonment. He filed this timely appeal, challenging the district court's denial of his Speedy Trial Act motion and raising constitutional issues.

II. Analysis

A. The Speedy Trial Act

"We review a district court's interpretation of the Speedy Trial Act de novo." United States v. Salerno, 108 F.3d 730, 734 (7th Cir. 1997). We turn first to Hemmings' contention that the Speedy Trial Act prohibited the government from bringing a superseding indictment more than thirty days after his arrest. Hemmings contends that Counts 4 and 5 should be dismissed as untimely under 18 U.S.C. sec. 3161(b). The Speedy Trial Act

does not expressly address cases in which the government files a superseding indictment with additional charges more than thirty days after arrest, and the matter is one of first impression in this circuit.

Under 18 U.S.C. sec. 3161(b), "[a]ny . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Other circuits have uniformly held that sec. 3161(b)'s thirty-day rule is not violated "[w]hen a defendant is indicted within the thirty-day period and then re-indicted on identical charges based on identical facts after the expiration of the thirty-day period." United States v. Berry, 90 F.3d 148, 151 (6th Cir. 1996); see also United States v. Perez, 845 F.2d 100, 103 (5th Cir. 1988) (finding that initial indictment returned by a grand jury whose term had expired tolled the thirty-day period such that a subsequent valid indictment which was "identical in all material respects to the void indictment" was timely); United States v. Mitchell, 723 F.2d 1040, 1044-45 (1st Cir. 1983) (holding that, when initial indictment was filed within the thirty-day period, a superseding indictment filed outside the thirty-day window which did not change the original charges did not violate the Speedy Trial Act); United States v. Rabb, 680 F.2d 294, 297 (3d Cir. 1982) ("in the absence of bad faith on the part of the government or prejudice to the defendant, an indictment returned by a grand jury whose term has expired is sufficient to toll Speedy Trial Act sec. 3161(b), if it is followed by a valid indictment, identical in all material respects"). Several circuits have also held that superseding indictments filed longer than thirty days after an arrest which add charges to those contained in the original indictment do not violate the Speedy Trial Act. See, e.g., United States v. Mosquera, 95 F.3d 1012, 1013 (11th Cir. 1996) (finding no Speedy Trial Act violation when superseding indictment adding new charges was filed following a mistrial based on the fact that the initial indictment was filed within the thirty-day period); United States v. Orbino, 981 F.2d 1035, 1037 (9th Cir. 1992) ("A superseding indictment [adding

charges] issued before the original indictment is dismissed may issue more than thirty days after the arrest. Not all charges must be filed within the first thirty day period." (citations omitted)); United States v. Castellano, 848 F.2d 63, 65 (5th Cir. 1988) (holding initial indictment, which was subsequently found to be invalid, tolled the thirty-day period and superseding indictment alleging different charges based on same fraudulent acts as earlier indictment was therefore timely); United States v. McCown, 711 F.2d 1441, 1446-48 (9th Cir. 1983) (holding that, when first indictment was filed within the thirty-day period, there is no Speedy Trial Act violation when a subsequent indictment, repeating one charge from the initial indictment and adding other counts, is filed outside the thirty-day window).

While Hemmings seeks relief under 18 U.S.C. sec. 3162(a) (1), it is clear from the plain language of the statute that his claim must fail. Section 3162(a)(1) provides:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

Hemmings was arrested on an indictment, not on a complaint. This is not a case in which no indictment was filed within the thirty-day period. As the Eleventh Circuit recognized in Mosquera, "'[t]he Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged. In short, the Speedy Trial Act is not a statute of limitations.'" Mosquera, 95 F.3d at 1013 (quoting United States v. Wilson, 762 F. Supp. 1501, 1502 (M.D. Ga. 1991)).

The defense relies on United States v. Van Brandy, 563 F. Supp. 438 (S.D. Cal. 1983), as support for its contention that the superseding indictment is untimely. This reliance is misplaced. In Van Brandy, the government brought a

superseding indictment on the eve of trial, despite having possessed the ability to bring the charges at the time of the original indictment. Id. at 439. The district court severed the new charges and later dismissed them for violation of the Speedy Trial Act because of the government's failure to explain the reasons for its delay in bringing the charges. Id. at 441. In the present case, the superseding indictment did not issue on the eve of trial. The Speedy Trial Act requires that a trial may not commence within thirty days of the defendant's initial appearance on an indictment before a judge. 18 U.S.C. sec. 3161(c)(2). While a superseding indictment does not give the defendant a per se right to an additional thirty days of trial preparation, United States v. Rojas-Contreras, 474 U.S. 231, 234-35 (1985), in the present case, Hemmings had over forty days from the time he made his initial appearance on the superseding indictment on May 25 to the beginning of trial on July 5. The district court was correct in refusing to dismiss Counts 4 and 5 as untimely.

We next address Hemmings' assertion that the district court erroneously refused to dismiss Counts 1, 2, and 3 under 18 U.S.C. sec. 3162(a)(2) based on the government's failure to bring Hemmings to trial within seventy days after his initial appearance on those charges as required by 18 U.S.C. sec. 3161(c)(1). Hemmings contends that the district court erred in ruling that the periods from April 21, 2000 to June 19, 2000 and from April 17, 2000 to June 19, 2000 were excludable under 18 U.S.C. sec. 3161(h)./2 "'Absent legal error, exclusions of time cannot be reversed except when there is an abuse of discretion by the court and a showing of actual prejudice.'" United States v. Marin, 7 F.3d 679, 683 (7th Cir. 1993) (internal quotations and citations omitted).

At the outset, we note that a superseding indictment restating or correcting original charges does not restart the seventy-day clock. See United States v. Baker, 40 F.3d 154, 159 (7th Cir. 1994). Therefore, as the district court correctly noted, in the present case, the seventy-day period started running on December 23, 1999. The

district court excluded the period beginning April 21 "pursuant to the Court's continuance at the pretrial conference." The court, however, failed to make the requisite findings under 18 U.S.C. sec. 3161(h)(8) "that the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." The government contends that Hemmings waived any challenge to the sua sponte continuance by failing to object when questioned by the district court at the conference. We need not address the issue, however, because, as our analysis will show, the court properly excluded the period from April 17, 2000 to June 19, 2000 under 18 U.S.C. sec. 3161(h)(1)(F) based on the pending motion in limine.

   Hemmings asserts that the district court erroneously excluded the time from April 17, 2000 until June 19, 2000, arguing that the motion in limine "was taken under advisement from the date of its filing" or at the latest following the April 21, 2000 conference. As Hemmings points out, 18 U.S.C. sec. 3161(h)(1)(J) limits to thirty days any exclusion for periods during which a matter is under advisement by the court. Alternatively, Hemmings contends that the matter was "in limbo" for at least fifty-nine days, and therefore, the "prompt disposition" clause of 18 U.S.C. sec. 3161(h)(1)(F) was not satisfied.

   At the April 21 conference, defense counsel indicated that he wanted "some time" to respond to the government's motion. At that time, counsel was informed that the court would wait to rule on the motion until the defense had an opportunity to respond. However, defense counsel never filed a response or informed the court that he had decided not to respond. Hemmings relies heavily on United States v. Janik, 723 F.2d 537 (7th Cir. 1983); however, the court in Janik expressly noted that Janik's motion was "under advisement after the filing of the last post-hearing briefs." Id. at 544. In the present case, the matter was not "actually under advisement by the court" as required by 18 U.S.C. sec. 3161(h)(1)(J). See Henderson v. United States, 476 U.S. 321, 328-29 (1986) (stating that sec. 3161(h)(1)(J) "allows exclusion of up to 30 days while the

district court has a motion 'under advisement,' i.e., 30 days from the time the court receives all the papers it reasonably expects"); Salerno, 108 F.3d at 737 ("[S]ubsection (J) automatically provides a 30-day exclusion for periods covering any proceedings once they are actually taken under advisement by the district court, i.e., after the court has all of the necessary materials and has conducted the appropriate hearings to decide the issue." (emphasis in original)). Therefore, the thirty-day time limit does not apply. Additionally, the Supreme Court has recognized that the Speedy Trial Act is "designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion," Henderson, 476 U.S. at 331, noting that "[t]he phrase 'prompt disposition' was intended to prevent a district court from using subsection (F) to exclude time after a motion is taken under advisement when that time fails to qualify for exclusion under subsection (J)." Id. at 329. The district court did not abuse its discretion in excluding the time from April 17, 2000 until June 19, 2000 under 18 U.S.C. sec. 3161(h) (1)(F), therefore we need not address the prejudice prong. Given this exclusion, Hemmings was brought to trial well within the seventy-day limit, and his Speedy Trial Act claims fail.

B. Constitutional Challenges

Hemmings' various Constitutional challenges to subsections (1) and (9) of 18 U.S.C. sec. 922 (g) also fail. The majority of his Constitutional claims are foreclosed by prior rulings in this circuit, and we address them only briefly. This circuit has rejected claims that sec. 922(g)(1) and sec. 922(g)(9) violate the Commerce Clause, noting that the jurisdictional element of sec. 922(g) provides the required nexus with interstate commerce. See Gillespie v. City of Indianapolis, 185 F.3d 693 (7th Cir. 1999) (addressing sec. 922(g)(9)), cert. denied, 528 U.S. 1116 (2000); United States v. Williams, 128 F.3d 1128, 1134-35 (7th Cir. 1997) (addressing sec. 922(g)(1)). Furthermore, as we noted in United States v. Jester, 139 F.3d 1168, 1170 (7th Cir. 1998), sec. 922(g) "does not punish a person solely for his or her status as a convicted felon." Hemmings has failed to make any showing that the

statute in this case violates the Second Amendment, see Gillespie, 185 F.3d at 710-11, or the Tenth Amendment. Id. at 707-08.

Sections 922(g)(1) and 922(g)(9) are not ex post facto laws. Other circuits have reached this same conclusion. See, e.g., United States v. Mitchell, 209 F.3d 319, 322 (4th Cir.), cert. denied, 121 S. Ct. 123 (2000); United States v. Brady, 26 F.3d 282, 291 (2d Cir. 1994). A law is not retroactive simply because it "draws upon antecedent facts for its operation." Cox v. Hart, 260 U.S. 427, 435 (1922). Instead, an ex post facto law retroactively defines criminal conduct or changes the punishment for a crime to the detriment of the defendant. See United States v. Jordan, 870 F.2d 1310, 1314 (7th Cir. 1989).

Nor is sec. 922(g) a bill of attainder, which would be "a law that legislatively determines guilt and inflicts punishment upon an individual without provision of the protections of a judicial trial." Nixon v. Adm'r of General Services, 433 U.S. 425, 468 (1977). The statute does not determine guilt based on a previous felony conviction, nor does it remove the protections of a trial.

III. Conclusion

Hemmings' conviction is AFFIRMED on all counts.

FOOTNOTES

/1 In response to questioning at oral argument in this court, the government explained that additional counts were not added to the indictment sooner because of doubts that existed regarding the admissibility of Deneisa Hemmings' testimony and/or written statement.

/2 Hemmings also asserts that the district court erred in excluding the period from December 23, 1999 to December 27, 1999. Hemmings, however, does not develop this argument in his briefs, and because the four-day continuance would not alter the outcome in the present case, we do not address it on appeal.