United States of America v. Donahue Dewar and Sharon King

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
               **Chief Judge**,
       JOSEPH M. McLAUGHLIN,
       ROBERT D. SACK,
               **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

       **Appellee-Cross-Appellant**,

       -v.-

CHARLES ERNEST DEWAR, also known as Trooper,

       **Defendant**,

DONAHUE DEWAR, also known as Blood, also known as Kirk Dawar, and SHARON KING,

       **Defendants-Appellants-Cross-Appellees**.

08-5958-cr, 08-6222-cr, 09-1338-cr, 10-0403-cr

- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT-CROSS-APPELLEE DONAHUE DEWAR:**    Clinton W. Calhoun, III, Briccetti, Calhoun & Lawrence, LLP, White Plains, NY.

**APPEARING FOR APPELLANT-CROSS-APPELLEE SHARON KING:**    Jeremy Gutman, New York, NY.

**APPEARING FOR APPELLEE-CROSS-APPELLANT:**    Brent S. Wible, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeals and cross-appeals from judgments of the United States District Court for the Southern District of New York (Robinson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Defendants-appellants-cross-appellees Donahue Dewar and Sharon King appeal from judgments of conviction entered in the United States District Court for the Southern District of New York (Robinson, J.), following a jury trial. The government cross-appeals from the judgments of conviction on a narrow issue relating to the sentences imposed on Dewar and King. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

For substantially the reasons stated by the district court in its September 6, 2007 amended decision and order, we reject defendants' challenges to the evidence recovered from the Lexus automobile (the "Lexus") and from Apartment 1 at 3443 Mickle Avenue (the "Residence"). Reviewing for abuse of discretion, we conclude that the district court

2

properly denied an evidentiary hearing regarding the police stop of the Lexus because Dewar failed to contest the facts presented in the declaration of Detective Sergeant Edward Lucas (the "Lucas Declaration") and thereby failed to create a material issue. See United States v. Finley, 245 F.3d 199, 203 (2d Cir. 2001).

Reviewing the district court's factual findings for clear error and legal determinations de novo, we conclude that the district court properly denied defendants' motions to suppress the evidence recovered from the Lexus and the Residence. See United States v. Rodriguez, 356 F.3d 254, 257 (2d Cir. 2004). First, the district court properly determined that probable cause supported the Lexus stop and the arrests of Dewar and his brother based on (i) the indicia of reliability of the confidential informant (the "CI") set forth in the Lucas Declaration, (ii) the monitored and recorded conversations between the CI and defendants, and (iii) police surveillance of the Residence. See Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002) ("In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." (internal quotation marks omitted)).

Second, regarding the Residence, the district court properly rejected defendants' challenges based on the particularity of the search warrant and the purported staleness of the information described in the affidavit submitted in support of the search warrant. The search warrant--sought by local police and issued by a local judge for purposes of a local investigation--did not have to satisfy the 10-day requirement of the then-current version of Federal Rule of Criminal Procedure 41(e)(2)(A)(i). See United States v. Burke, 517 F.2d 377, 382 (2d Cir. 1975). A single sentence in the Statement of Facts of Dewar's pre-trial motion failed to raise an argument that the seizure of objects beyond the purported scope of the search warrant's description rendered the police conduct an impermissible general search, and defendants thus waived any such argument pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C).

3

We reject defendants' challenges to the jury instructions. The district court properly instructed the jury regarding Dewar's knowledge and intent. See United States v. Gilliam, 994 F.2d 97, 102 (2d Cir. 1993) ("[T]he cases interpreting [Federal Rule of Evidence] 404(b) allow the district court to do essentially what was done in this case: the defendant does not challenge the element of the crime, the jury is told that the element of the crime is met, but no extraneous evidence to prove that element is introduced."); accord United States v. Tarricone, 996 F.2d 1414, 1421 (2d Cir. 1993); United States v. Colon, 880 F.2d 650, 659 (2d Cir. 1989). Because both Dewar and King were convicted of the conspiracy charged in Count One of the relevant indictment, Defendants cannot demonstrate plain error based on the district court's omission of an instruction that the CI could not be a co-conspirator during his cooperation with the investigation. Similarly, Defendants cannot establish plain error based on the district court's omission of specific unanimity charges as to (i) the object of the conspiracy for Count One in light of the jury's unanimous finding that the conspiracy involved five or more kilograms of cocaine; (ii) the predicate drug offense for Count Five in light of the jury's unanimous conviction on each of the three predicate offenses, see United States v. Gomez, 580 F.3d 94, 103-04 (2d Cir. 2009); or (iii) the particular firearm for Count Five, see, e.g., United States v. Perry, 560 F.3d 246, 257 (4th Cir. 2009); United States v. Wise, 515 F.3d 207, 214-15 (3d Cir. 2008); United States v. Hernandez-Albino, 177 F.3d 33, 40 (1st Cir. 1999); United States v. Morin, 33 F.3d 1351, 1353-54 (11th Cir. 1994); United States v. Correa-Ventura, 6 F.3d 1070, 1075-87 (5th Cir. 1993).

Assuming King's severance motion was properly presented, and reviewing for abuse of discretion, the district court properly denied it. See United States v. Yousef, 327 F.3d 56, 150 (2d Cir. 2003). The district court carefully instructed the jury that King contested the knowledge and intent element of the charged offenses, thereby minimizing any prejudice arising from the jury instructions regarding Dewar's knowledge and intent. See United States v. Snype, 441 F.3d 119, 129 (2d Cir. 2006) ("As the Supreme Court has frequently observed, the law

4

recognizes a strong presumption that juries follow limiting instructions.").

We reject Dewar's challenges relating to the government's filing of a prior felony information. Although the district court omitted the colloquy required under 21 U.S.C. § 851(b), it did not rely on the prior felony information in sentencing Dewar:

> [I]t is my view that a sentence of twenty years or 240 months was or is the appropriate sentence regardless of what the mandatory minimum is; that in light again of this defendant's history and characteristics and the circumstances of this offense, that some very significant punishment needs to be put in place. And, so, whether a ten or a twenty-year mandatory minimum sentence were found, I would have imposed a sentence of 240 months, and I just want that to be clear.

This lucid statement renders any error harmless. See United States v. Deandrade, ---- F.3d ----, 2010 WL 842324, at *4 (2d Cir. Mar. 12, 2010). Moreover, Dewar failed to rebut the "presumption of regularity" attaching to the government's filing of the prior felony information. United States v. Sanchez, 517 F.3d 651, 671 (2d Cir. 2008).

The government cross-appeals the district court's decisions not to impose consecutive sentences for Dewar and King's 18 U.S.C. § 924(c) convictions. The government concedes that the district court complied with the law of this Circuit, but contends that the law of this Circuit is error. See United States v. Williams, 558 F.3d 166 (2d Cir. 2009); United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). As a preliminary matter, the government requests that we defer ruling on the cross-appeals until the legal issue has been clarified by the Supreme Court, as the government expects. We are aware that the Supreme Court has granted two petitions for writs of certiorari on this issue. See United States v. Gould, 329 Fed. App'x 569 (5th Cir. 2009), cert. granted, 130 S. Ct. 1283 (Jan. 25, 2010) (No. 09-7073); United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert. granted, 130 S. Ct. 1284 (Jan. 25, 2010) (No. 09-479). However, a "panel is bound by prior decisions of

this court unless and until the precedents established therein are reversed <u>en banc</u> or by the Supreme Court." <u>United States v. Jass</u>, 569 F.3d 47, 58 (2d Cir. 2009). Accordingly, we conclude that the district court properly declined to impose the consecutive sentences provided in § 924(c).

We have considered all of the contentions in these appeals and cross-appeals and have found them to be without merit.  Accordingly, the judgments of the district court are hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
