[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12737
Non-Argument Calendar

_____

D.C. Docket No.  8:16-cr-00502-JSM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILLA ANN ELLIS,

Defendant-Appellant.

_____

No. 18-10075
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00502-JSM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILLA ANN ELLIS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(October 9, 2019)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

In March 2017, a federal jury convicted Priscilla Ellis of conspiring to make, utter, and possess a counterfeit security, in violation of 18 U.S.C. § 371 (Count 1), two counts of retaliating against a witness, in violation of 18 U.S.C. § 1513(a)(1)(A) (Counts 2 and 4), and two counts of using interstate commerce facilities in the attempted commission of murder-for-hire, in violation of 18 U.S.C. § 1958(a). Ellis, proceeding *pro se* with the assistance of stand-by counsel, argues: (1) the district court erred in denying her motion to dismiss the superseding indictment on speedy-trial grounds, and her right to a speedy trial was violated because she was tried more than 70 days after her initial indictment issued; (2) the district court erred, at sentencing, by increasing her offense level by four under U.S.S.G. § 3B1.1(a); and (3) her total sentence is procedurally and substantively

2

unreasonable, and violates the Eighth Amendment.  We address her contentions in turn, and affirm her convictions and sentence.

## I.  DISCUSSION

### A.  *Motion to Dismiss the Superseding Indictment & Speedy Trial Issues*

#### 1.  *Indictment*

We review a district court's denial of a motion to dismiss the indictment for abuse of discretion.  *United States v. Palomino Garcia*, 606 F.3d 1317, 1322 (11th Cir. 2010).  Under the Speedy Trial Act, an indictment must be filed within 30 days from the date of an individual's arrest.  18 U.S.C. § 3161(b).  "If the thirty-day time limit is not met, the [Speedy Trial] Act entitles the defendant to the dismissal of the charges contained in the initial complaint."  *United States v. Mathurin*, 690 F.3d 1236, 1239 (11th Cir. 2012).  However, a superseding indictment that issues more than 30 days after the arrest, but before the original indictment is dismissed, does not violate § 3161(b).  *United States v. Mosquera*, 95 F.3d 1012, 1013 (11th Cir. 1996).  In *Mosquera*, we noted:

> [T]he Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged.  In short, the Speedy Trial Act is not a statute of limitations.
>
> . . . [The applicable statute of limitations] specifies the time within which an arrested indicted defendant may be

3

> charged with additional crimes by superseding indictment.

*Id.* The federal statute of limitations governing non-capital crimes provides "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282.

The district court did not err in denying Ellis's motion to dismiss the superseding indictment on speedy trial grounds. Our decision in *Mosquera* forecloses her argument the Speedy Trial Act prohibited the Government from lodging a conspiracy charge—the factual predicate of which it may have known prior to the issuance of the initial indictment—against her in a superseding indictment. *Mosquera*, 95 F.3d at 1013. Consistent with that decision, the Government was not required to indict Ellis for every crime known to it within 30 days of her arrest, and thus it was allowed to bring those charges in the superseding indictment. *Id.* The Government's ability to charge the conspiracy offense in Count 1 was only circumscribed by 18 U.S.C. § 3282's five-year limitations period, and the superseding indictment was filed well within that period.

Moreover, Ellis's reliance on the Ninth Circuit's decision in *United States v. Palomba* is misplaced for two reasons. 31 F.3d 1456 (9th Cir. 1994). First, that decision is not binding in this Circuit. Secondly, in that case, the Government

4

initially brought the charge at issue in the complaint, omitted it from the initial indictment, but then reasserted that same charge in a superseding indictment that issued three months later. *Id.* at 1463-64. Here, unlike in *Palomba*, the Government did not allege a conspiracy charge in the complaint, and did so for the first time in the superseding indictment, which issued while the initial indictment was pending. Under those circumstances, the superseding indictment did not run afoul of the Speedy Trial Act. *Mosquera*, 95 F.3d at 1013. Therefore, the district court did not err in denying Ellis's motion to dismiss the superseding indictment.

 *2. Trial*

 "We review a claim under the Speedy Trial Act de novo and review a district court's factual determinations on excludable time for clear error." *United States v. Williams*, 314 F.3d 552, 556 (11th Cir. 2002). The Speedy Trial Act requires the trial of a defendant commence within 70 days from the later of the filing date of the indictment, or the date the defendant appeared before a judicial officer of the appropriate court. 18 U.S.C. § 3161(c)(1). A jury trial commences, for purposes of the Speedy Trial Act, when the district court begins *voir dire*. *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir. 1982). The filing of a superseding indictment does not reset the Speedy Trial Act clock for charges that were included in the original indictment. *United States v. Young*, 528 F.3d 1294, 1295-97 (11th Cir. 2008).

5

Certain periods of time, however, are excluded from the calculation of the 70-day period.  *See* 18 U.S.C. § 3161(h).  Generally speaking, "the clock is tolled for pretrial motions and certain other proceedings concerning the defendant per 18 U.S.C. § 3161(h)(1) and also for ends-of-justice continuances per 18 U.S.C. § 3161(h)(8)(A)."  *United States v. Williams*, 314 F.3d 552, 556 (11th Cir. 2002).  More specifically, any delay resulting from a pretrial motion is excluded, and this period runs "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(D).  With respect to a motion for which a hearing is required, the entire period from the filing of the motion to the hearing on that motion is excluded without reference to whether that time period was unreasonable.  *United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991).  If, after the hearing, the court has all of the materials necessary to rule on the motion, it has the motion under advisement immediately following the hearing.  *Id.*  From that date, any delay reasonably attributable to the period during which the motion is under advisement by the district court, which cannot exceed 30 days, is excludable.  18 U.S.C. § 3161(h)(1)(H); *Davenport*, 935 F.2d at 1228.

Ellis has failed to show her right to a speedy trial was violated on the basis she was not tried within 70 days of the date her initial indictment issued.  Although more than 70 days elapsed between the date her initial indictment issued and the

6

start of her trial, only 39 days of non-excludable time elapsed during that period.

That is so, because the speedy-trial clock, which began running on November 23, 2016—the day after Ellis's initial indictment issued, was tolled from (1) November 23, to November 30, 2016, while the Government's motion to transfer was pending; (2) December 13 to December 14, 2016, while Ellis's motion to replace counsel was pending; (3) December 30, 2016 to January 4, 2017, while Ellis's motion to change venue was pending; and (4) January 17 until March 6, 2017, while a number of tolling motions were pending. Thus, only 39 days of non-excludable time ran from the day after her initial indictment issued, November 23, 2016, until the start of her trial, March 6, 2017. As such, Ellis's right to a speedy trial was not violated in this case. 18 U.S.C. § 3161(c)(1) and (h). Thus, we affirm her convictions.

*B.  U.S.S.G. § 3B1.1(a) Increase*

We review a district court's factual findings, including a defendant's role in a crime, for clear error. *United States v. Mesa*, 247 F.3d 1165, 1168 (11th Cir. 2001). We review the district court's application of the Sentencing Guidelines to the facts de novo. *Id.*

A four-level sentencing enhancement applies if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a). Evidence the defendant recruited

and instructed participants in the conspiracy is sufficient to support a leadership enhancement. *United States v. Caraballo*, 595 F.3d 1214, 1231 (11th Cir. 2010). "Section 3B1.1 requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006) (quotation omitted).

Further, "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), *i.e.*, all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. Ch. 3, Pt. B, Introductory Commentary. Under § 1B1.3(a), relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," and all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

The district court did not clearly err in applying a four-level enhancement to Ellis's base offense level under § 3B1.1(a). First, Ellis did not contend below, nor does she on appeal, that she was not the leader or organizer of the criminal activity for which she was convicted, and the trial evidence conclusively showed she

8

organized and led both the counterfeit-check-cashing scheme and the murder-for-hire plots.

Secondly, the evidence was sufficient to show the criminal activity Ellis instigated involved five or more participants.  Ellis does not dispute that she, Amber Martin, and James Awaye were participants in her crimes.  The evidence presented at trial adequately demonstrated that Victoria Ellis and Omotola Odus were also participants in Ellis's crimes.  As for Victoria, although there was evidence presented at trial which indicated she did not play an active role in some of the phone calls Ellis made to Awaye from the jail, the Government also offered evidence indicating she was an active participant in Ellis's criminal activity, including:  (1) the fact she facilitated multiple three-way calls between herself, her mother, and Awaye, and was on the line during most of those calls; and (2) she participated in the San Marcos, Texas meeting, during which she—without any explanation from her mother or anyone else—was handed $18,500 in cash from two complete strangers, which she counted and then used to pay those strangers $1,600.  That evidence arguably established, by a preponderance of the evidence, that Victoria was a participant in Ellis's crimes.  *Ndiaye*, 434 F.3d at 1300 (providing when a defendant challenges a factual basis of her sentence, the government must establish the disputed fact by a preponderance of the evidence).

9

As for Odus, the evidence demonstrated he created the counterfeit-check templates that Ellis sent to Awaye for alteration and use in the scheme, and thus he was a participant in Ellis's criminal activity. Thus, the district court did not clearly err in finding that Ellis, Martin, Awaye, Victoria, and Odus were participants in Ellis's criminal activity, and, consequently, it did not err in concluding her criminal activity involved five or more participants. Therefore, the district court did not clearly err in enhancing Ellis's base offense level by four pursuant to § 3B1.1(a).

*C. Procedural and Substantive Reasonableness & Eighth Amendment*

We review the procedural and substantive reasonableness of a sentence for an abuse of discretion. *United States v. Duperval*, 777 F.3d 1324, 1331 (11th Cir. 2015). The party who challenges the sentence bears the burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We review whether a sentence is procedurally unreasonable by determining if the district court erred in calculating the Guidelines range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We examine whether, in light of the totality of the circumstances, a sentence is substantively reasonable. *Id.* In imposing a particular sentence, the court must consider the nature and

10

circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).  A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The record demonstrates the district court did not commit procedural error in determining Ellis's total sentence, because it explicitly noted it had considered the Guidelines calculations in the PSI and the sentencing factors codified at 18 U.S.C. § 3553(a), and it did not consider any improper factors.  Moreover, Ellis cannot demonstrate her 65-year, below-Guidelines total sentence of imprisonment was substantively unreasonable, because: (1) the duration of that sentence was 20 years' less than her Guidelines range and statutory maximum penalty; (2) the record shows the district court weighed the relevant factors, and, on balance, came to a reasonable conclusion that a 65-year, below-Guidelines total sentence of

11

imprisonment was appropriate; and (3) she cannot show the district court made a clear error of judgment in weighing the relevant § 3553(a) factors. *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) (stating "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence"); *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (stating we will reverse only if we are left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case"). Finally, she has failed to establish the Eighth Amendment applies to her total sentence, because it was 20 years shy of the statutory maximum penalty to which she was exposed, and thus, she cannot show the total sentence was grossly disproportionate to her offenses of conviction. 18 U.S.C. §§ 371, 513(a), 1513(a) & 1958(a); *United States v. Johnson,* 451 F.3d 1239, 1243 (11th Cir. 2006) (stating in evaluating an Eighth Amendment challenge in a non-capital case, we must first make the threshold determination the sentence imposed is grossly disproportionate to the offense committed). Accordingly, we affirm Ellis's total sentence.

## II.  CONCLUSION

We affirm Ellis's convictions and total sentence.

**AFFIRMED.**

12