**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricky W. JESTER, Defendant–Appellant.**

**No. 97–2597.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1998.

Decided April 6, 1998.

Donna R. Eide (argued), Office of the U.S. Atty., Indianapolis, IN, for Plaintiff–Appellee.

Doyle E. McLemore, Jr. (argued), Fort Wayne, IN, for Defendant–Appellant.

Before FLAUM, RIPPLE, and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

A jury convicted Ricky Jester of violating 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm. Jester makes two constitutional arguments in an attempt to invalidate this conviction. First, he argues that § 922(g)(1) authorizes a cruel and unusual punishment in violation of the Eighth Amendment by imposing a criminal sanction based on his status as a convicted felon. Second, he contends that Congress contravened the equal protection component of the Fifth Amendment's Due Process Clause by exempting certain non-violent felons from the restrictions of § 922(g)(1). We reject both of Jester's constitutional challenges.

■ Jester first questions Congress's authority to criminalize possession of firearms by convicted felons. He notes that "status" as a convicted felon is a necessary element of a § 922(g)(1) violation. In this way, he argues, the statute is similar to a law criminalizing the status of narcotics addiction, which the Supreme Court struck down as unconstitutional in *Robinson v. California,* 370 U.S. 660, 667, 82 S.Ct. 1417, 1420–21, 8 L.Ed.2d 758 (1962). Status was the only proscription of the unconstitutional statute in *Robinson,* while status is one—but not the only-precondition of a § 922(g)(1) violation. Jester argues that the Government cannot impose punishment when status is even one element of the offense.

We decline Jester's invitation to extend *Robinson* in this fashion. The Supreme Court in *Robinson* deemed it significant that the relevant California statute criminalized status unconnected to an act of any sort. *See* 370 U.S. at 666, 82 S.Ct. at 1420 ("California has said that a person can be continuously guilty of this offense, whether or not he has ever used or possessed any narcotics within the State, and whether or not he has been guilty of any antisocial behavior there."). Indeed, six years later in *Powell v. Texas,* 392 U.S. 514, 532, 88 S.Ct. 2145, 2154, 20 L.Ed.2d 1254 (1968), the Court underscored the importance of this distinction in upholding a public intoxication conviction against a defendant who claimed that the prohibition effectively punished his status as an alcoholic:

> [A]ppellant was convicted, not for being a chronic alcoholic, but for being in public while drunk on a particular occasion. The State of Texas thus has not sought to punish mere status, as California did in *Robinson*; nor has it attempted to regulate appellant's behavior in the privacy of his own home. Rather, it has imposed upon appellant a criminal sanction for public behavior which may create substantial health and safety hazards, both for appellant and for members of the general public, and which offends the moral and esthetic sensibilities of a large segment of the community.

*Id.*; *see also United States v. Black,* 116 F.3d 198, 200–01 (7th Cir.) (relying on *Powell* to reject a pedophile's Eighth Amendment challenge to a sentence enhancement for receiving, possessing, and distributing child pornography—acts which the appellant claimed were uncontrollable consequences of his pedophilia), *cert. denied,* — U.S. —, 118 S.Ct. 341, 139 L.Ed.2d 264 (1997).

Jester's reliance on *Robinson* is unpersuasive in this case. Section 922(g)(1) does not punish a person solely for his or her status as a convicted felon; the statute does not empower federal law enforcement officials to arrest a person merely because that person was once convicted of a felony. Rather, the statute is triggered only when the felon commits the volitional act of possessing a firearm that has traveled in interstate commerce.

*See United States v. Ocegueda*, 564 F.2d 1363, 1366–67 (9th Cir.1977) (rejecting on this basis an identical Eighth Amendment challenge to the predecessor statute of § 922(g)(1)). The Supreme Court emphasized this distinction in *Powell:*

> The entire thrust of *Robinson's* interpretation of the Cruel and Unusual Punishment Clause is that criminal penalties may be inflicted only if the accused has committed some act, has engaged in some behavior, which society has an interest in preventing, or perhaps in historical common law terms, has committed some *actus reus.*

392 U.S. at 533. We therefore reject Jester's Eighth Amendment claim.

■ Jester's challenge to § 922(g)(1) on equal protection grounds is equally unavailing. He argues that Congress unconstitutionally narrowed the class of felons to which § 922(g)(1) applies by enacting 18 U.S.C. § 921(a)(20)(A), which permits a felon to possess a firearm if his only predicate offenses were "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices". Jester contends that the selective exemption of some felonies from § 922(g)(1)'s scope violates his rights under the equal protection component of the Due Process Clause of the Fifth Amendment.

■ We apply a highly deferential standard of review to equal protection claims of this nature. Felons are not a protected class, *see, e.g., United States v. Wicks*, 132 F.3d 383, 389 (7th Cir.1997), and the right to possess a firearm is not a fundamental one, *see, e.g., Sklar v. Byrne*, 727 F.2d 633, 637 (7th Cir.1984). Thus, we subject the classification challenged by Jester to rational basis review. *See United States v. McKenzie*, 99 F.3d 813, 817 (7th Cir.1996). Jester can only satisfy this standard by showing that no "state of facts reasonably may be conceived to justify" the disputed classification. *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970) (quotation omitted). Moreover, under rational basis review, we will not invalidate a challenged distinction "simply because the classification is not made with mathematical

nicety or because in practice it results in some inequality.... The problems of government are practical ones and may justify, if they do not require, rough accommodations...." *Id.* (quotation omitted). This standard is extremely respectful of legislative determinations and essentially means that we will not invalidate a statute unless it draws distinctions that simply make no sense.

The distinction challenged by Jester does not approach this requisite level of irrationality. He first argues that Congress had no rational justification for allowing some nonviolent offenders to possess firearms while subjecting all other felons to the prohibition of § 922(g)(1). This argument, however, has no merit. Congress enacted § 922(g)(1) in order to keep firearms out of the hands of those persons whose prior conduct indicated a heightened proclivity for using firearms to threaten community peace and the "continued and effective operation of the Government of the United States." *Lewis v. United States*, 445 U.S. 55, 66, 100 S.Ct. 915, 921, 63 L.Ed.2d 198 (1980). Section 921(a)(20)(A) reduces unnecessary restrictions on the conduct of some felons who do not exhibit these dangerous tendencies. It was perfectly reasonable for Congress to assume that violent felons would pose a higher risk of endangering the public with a firearm than § 921(a)(20)(A)'s class of exempted non-violent offenders.

Jester wrongly claims support for his position from our decision in *Miller v. Carter*, 547 F.2d 1314, 1316 (7th Cir.1977), aff'd. by an equally divided Court, 434 U.S. 356, 98 S.Ct. 786, 54 L.Ed.2d 603 (1978). In that case, we held that the City of Chicago violated the Equal Protection Clause through a city ordinance that barred certain felons from obtaining a public chauffeur's license. Jester incorrectly states that our decision stands for the proposition that distinctions among different types of felons violate the Equal Protection Clause. In fact, we struck down the ordinance because it irrationally denied licenses to offenders who committed the enumerated offenses *before* obtaining a license while making no similar restriction based on a person's conduct *after* obtaining a license. *See id.* ("An applicant for a license

who has committed one of the described felonies and a licensee who has done the same are similarly situated, and no justification exists for automatically disqualifying one and not the other."). *Miller,* therefore, does not support Jester's sweeping contention that all distinctions among felons are irrational.

 Jester seems to recognize the difficulty of proving the unconstitutionality of a distinction between violent and non-violent felons. He transforms his equal protection claim midstream by making a second, distinct argument that § 921(a)(20)(A) is irrationally underinclusive because it fails to exempt every felony that arguably might not indicate a predisposition towards misusing firearms. To the extent that his equal protection claim rests on this argument, however, Jester lacks standing because his own prior felony convictions do not fall into this "innocuous" class of crimes. Jester has twice been convicted of felony offenses in Indiana: a theft of a snowmobile in 1990 and a robbery in 1984 in which he used a pistol to rob a drug store. The robbery was a violent felony and would still subject Jester to the requirements of § 922(g)(1) even if we accepted his contention that § 921(a)(20)(A)'s exemptions should include many more non-violent felonies. Thus, Jester lacks standing to raise a claim that Congress violated his equal protection rights by irrationally excluding some nonviolent felonies from the class of exempted crimes listed in § 921(a)(20)(A). *See Baer v. Wauwatosa,* 716 F.2d 1117, 1125 (7th Cir. 1983) ("People are not allowed to challenge statutes or ordinances because of the consequences of applying them to other people....").

Even without the standing problems, Jester's second claim flies in the face of precedent. This Court has once before rejected a similar challenge that the exemptions to § 922(g)(1) violated the Fifth Amendment by "too narrowly defining the class of application". *United States v. Weatherford,* 471 F.2d 47, 51 n. 6 (7th Cir. 1972), *cert. denied,* 411 U.S. 972, 93 S.Ct. 2144, 36 L.Ed.2d 695 (1973); *see also United States v. McKenzie,* 99 F.3d 813, 818 (7th Cir.1996) (recognizing the continuing validity of *Weatherford* on this point). Also in this context, the Second Circuit has upheld the constitutionality of § 921(a)(20)(A)'s selective exemption of "unfair trade practices" to the exclusion of other nonviolent felonies. *United States v. Meldish,* 722 F.2d 26, 28 (2d Cir.1983) ("[T]here is nothing irrational or illogical in Congress's belief that trade offenders would be less likely to misuse a gun than would other criminals such as forgers, drug peddlers, or receivers of stolen property."), *cert. denied,* 465 U.S. 1101, 104 S.Ct. 1597, 80 L.Ed.2d 128 (1984). We believe these decisions are sound and therefore reject Jester's equal protection claim.

For the foregoing reasons, we affirm the decision of the district court.