# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3097SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Southern District |
| | * | of Iowa. |
| Daniel Jay Lewis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 5, 2000

Filed: January 10, 2001

_____

Before RICHARD S. ARNOLD, BEAM, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Daniel Jay Lewis pleaded guilty to possessing a firearm transported in interstate commerce after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). The District Court[1] sentenced him to thirty-seven months (three years and one month) imprisonment and two years supervised release.

_____

[1]The Hon. Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Defendant challenges the constitutionality of Section 922(g)(9). First, defendant asserts that the statute violates the equal-protection component of the Due Process Clause of the Fifth Amendment. Under Section 922(g)(9), a person convicted of a domestic-violence misdemeanor loses the right to carry a gun, while people convicted of other misdemeanors do not. The two groups, as defendant argues, are differently treated, but we cannot agree that the difference is sufficiently arbitrary to violate due process. One might think that other misdemeanors are just as serious as domestic-violence misdemeanors, but this is the sort of judgment that must be made by legislators, not judges. Congress could legitimately believe that the problem of domestic violence is sufficiently serious to deserve separate treatment, and it could also reasonably believe that persons convicted of a domestic-violence offense are likely to commit such an offense again. Thus, it is entirely rational to keep firearms out of the hands of such persons. See Gillespie v. City of Indianapolis, 185 F.3d 693, 708-09 (7th Cir. 1999) (Section 922(g)(9) passes the rational-basis test).

An analogous case is United States v. Smith, 171 F.3d 617, 623-26 (8th Cir. 1999). Smith involved Section 921(a)(33)(B)(ii), which provides an exception to the prohibition of Section 922(g)(9) if the person convicted of a domestic-violence misdemeanor has had his civil rights restored. In Smith, the defendant had been convicted of a domestic-violence misdemeanor in Iowa, but had never lost his civil rights, because civil rights are not stripped from individuals convicted of misdemeanors in Iowa. Thus, a felon who had had his civil rights removed, could come within the Section 921(a)(33) exception by having them restored, but a misdemeanant, never having lost his civil rights in the first place, could not. Mr. Smith argued that this distinction was irrational. It gave a preferred position to a felon who had had his civil rights taken away, in contrast to a less serious offender who had never lost his civil rights. We rejected an equal-protection argument based on this distinction, applying the rational-basis standard.

Defendant also argues that the statute exceeds the power granted to Congress by the Commerce Clause. The answer is clear and simple: Section 922(g)(9) expressly requires a nexus with interstate commerce. In the present case, it is not disputed that the firearm which Mr. Lewis possessed had traveled in interstate commerce. This specific interstate-commerce connection suffices to validate the statute. E.g., United States v. Myers, 187 F.3d 644 (Table), 1999 WL 475571 at *1 (8th Cir. June 29, 1999) (per curiam); United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) (upholding, on a similar basis, the prohibition in Section 922(g) against possession of firearms by a felon). Our holding that the statute is within the commerce power suffices also to dispose of defendant's Tenth Amendment argument. Gillespie, supra, 185 F.3d at 706-07. Accord, United States v. Myers, supra, 1999 WL 475571 at *1 (Tenth Amendment challenge to statute "necessarily" fails where statute was valid exercise of Congress's commerce power).

The argument that the statute violates the Second Amendment is also without merit. E.g., United States v. Smith, supra, 171 F.3d at 624; United States v. Turcotte, 558 F.2d 893, 895 (8th Cir. 1977) (per curiam). We also reject any argument based on the Cruel and Unusual Punishment Clause of the Eighth Amendment. See United States v. Jester, 139 F.3d 1168, 1170-71 (7th Cir. 1998) (punishment is not based solely on status as a convict, but also on voluntary act of possession of a firearm).

Defendant also argues that he should not have received a two-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(1)(B) for possessing multiple firearms, because he did not actually or constructively possess them, and they were not relevant to his offense. We reject this argument. Sentencing testimony from defendant's father, and from an agent involved in the search of defendant's apartment, established that the firearms found in the apartment were under defendant's control; in fact, two of the firearms were found in a safe to which defendant alone had the combination. See United States v. Boykin, 986 F.2d 270, 274 (8th Cir.) (conviction for violating § 922(g)

may be based on constructive possession of firearm, which can be shown by seizure of firearm at defendant's residence), cert. denied, 510 U.S. 888 (1993).

Finally, defendant argues that the District Court violated Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), when it used the firearms seized during the search to enhance his Guidelines offense range. This argument is misplaced, because the enhancement did not affect the statutory maximum for violating Section 922(g)(9). See 18 U.S.C. § 924(a)(2) (statutory maximum for violating § 922(g)(9) is ten years imprisonment); cf. United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000) (discussing Apprendi; judge-found fact permissibly may alter defendant's sentence within statutory range for offense).

We find no other nonfrivolous issues.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-