UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

No. 00-4928

ALFRED WAYNE FINNELL,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-00-280)

Submitted: October 31, 2001

Decided: November 19, 2001

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Alfred Wayne Finnell, Appellant Pro Se. Kathleen Marie Kahoe,
Assistant United States Attorney, Joshua H. Soven, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Alfred Wayne Finnell was convicted by a jury of two counts of possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C.A. § 922(g)(9) (West 2000). On appeal, Finnell claims that: (1) the offense of assault on his stepdaughter should not have been used as the predicate offense; (2) Section 922(g)(9) violates the Second Amendment and the Full Faith and Credit Clause of the United States Constitution; (3) the district court erred by not reducing the base offense level based on a finding that he possessed the firearms solely for sporting purposes; and (4) the district court erred by not reducing the offense level for acceptance of responsibility. Finding no reversible error, we affirm.

Under § 922(g)(9), it is unlawful for a person convicted of a misdemeanor crime of domestic violence to possess a firearm. Under 18 U.S.C.A. § 921(a)(33) (West 2000), a person shall not be considered to have been convicted of such a misdemeanor domestic violence crime if the conviction:

> is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

We find that Finnell's predicate offense did not deny him the right to sit on a jury nor did it provide for the loss of civil rights as defined by this statute. *See, e.g.*, *United States v. Keeney*, 241 F.3d 1040, 1044 (8th Cir. 2001), *cert. denied*, ___ U.S. ___ , 2001 WL 873245 (U.S. Oct. 1, 2001).

We further find § 922(g)(9) does not violate the Second Amendment or the Full Faith and Credit Clause of the United States Constitution. *United States v. Johnson*, 497 F.2d 548, 550 (4th Cir. 1974) (per curiam).

In addition, we find the district court was not in error by finding that Finnell did not possess the firearms solely for sporting purposes. Nor did the court err by not reducing the offense level for acceptance of responsibility.

We affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the briefs and argument would not aid the decisional process.

*AFFIRMED*