**UNITED STATES of America**

v.

**Alfred Wayne FINNELL**

**No. CR. 00–280–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 10, 2003.

Kathleen M. Kahoe, United States Attorney's Office, Alexandria, VA, for U.S.

Richard E. Gardiner, Fairfax, VA, for Alfred Wayne Finnell.

## *ORDER*

ELLIS, District Judge.

The matter is before the Court on defendant's *pro se* motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[1]

### I.

This case arises out of two assaults that defendant committed against members of his family. The first incident occurred on June 10, 1993, when defendant assaulted his minor step-daughter. Following the commission of this offense, on August 11, 1993, defendant pled guilty in the Juvenile and Domestic Relations District Court of Fairfax County, Virginia, to one count of Assault and Battery Against a Family or Household Member, in violation of Va. Code § 18.2–57.2.

Seven years later, on April 29, 2000, defendant assaulted his wife, Alla Brodovska. On this occasion, defendant, in the course of an argument, pushed Brodovska to the kitchen floor, knelt on her chest with both of his knees, then placed the barrel of a silver-handled pistol against her face. Defendant also threatened to kill Brodovska and struck her head against the floor, nearly causing her to lose consciousness.

Brodovska reported the assault to the Alexandria Police Department on May 2, 2000, and, later that day, defendant was interviewed at his residence by Alexandria Police Officer Ritchie. In the course of the interview, defendant admitted to having had an argument with his wife, but stated that he had not harmed her. Officer Ritchie then requested that defendant turn over any and all firearms in his possession. At that time, defendant produced from his bedroom closet an unloaded Beretta 12–gauge shotgun. Then, when Officer Ritchie questioned defendant about the silver-handled pistol described by Brodovska, defendant stated that the pistol was located in New Jersey. Shortly thereafter, however, defendant admitted that the pistol was actually hidden at a friend's home in Fairfax, Virginia. Officer Ritchie later traveled with defendant to the home of defendant's friend, Sam Miller, who, when questioned, denied knowing anything about the presence of defendant's firearm in his residence. At that point, defendant advised Miller that he had hidden several firearms in Miller's house a few days earlier. Defendant then led Officer Ritchie to a cabinet in Miller's basement containing two guns wrapped in a brown jacket. The first gun, a Ruger .22 caliber pistol, contained a loaded magazine, and the second gun, a Smith & Wesson .357 caliber revolver, was also loaded with five cartridges.

On August 10, 2000, a federal grand jury returned a two-count Indictment against defendant, charging him with two counts of possession of a firearm following a domestic violence conviction,[2] namely the 1993 conviction for assaulting his minor step-daughter, in violation of 18 U.S.C.

---

1. *See United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir.1988) (recognizing that "[a] hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

2. Specifically, Count 1 charged defendant with possession of the 12–gauge shotgun found in his bedroom, while Count 2 charged him with possession of the .357 caliber revolver and the .22 caliber pistol found in his friend's basement.

§ 922(g)(9).[3] Defendant, by counsel, moved to dismiss the Indictment, arguing, *inter alia*, that § 922(g)(9) is unconstitutionally vague, violates the Equal Protection and Due Process Clauses of the Fifth Amendment, and exceeds Congress' power under the Commerce Clause. By Order dated September 22, 2000, defendant's motion to dismiss the Indictment was denied. *See United States v. Finnell,* Criminal No. 00–280–A (E.D.Va. Sept. 22, 2000) (Lee, J.).

On October 4, 2000, following a two-day jury trial, defendant was found guilty of both counts charged in the Indictment. Thereafter, on December 15, 2000, defendant was sentenced to concurrent terms of imprisonment of 24 months on each count, to be followed by three years of supervised release. Defendant, proceeding initially by counsel but later *pro se*,[4] appealed his conviction and sentence to the Court of Appeals for the Fourth Circuit, which affirmed on November 19, 2001. *See United States v. Finnell,* 27 Fed.Appx. 166, 2001 WL 1464305 (4th Cir.2001). The Supreme Court subsequently denied defendant's petition for a writ of certiorari on April 22, 2002. *See Finnell v. United States,* 535 U.S. 1027, 122 S.Ct. 1627, 152 L.Ed.2d 638 (2002).

On October 28, 2002, defendant filed a timely motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, arguing therein that 18 U.S.C. § 922(g)(9) violates the Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. By Order dated October 28, 2002, the government was directed to file a response to defendant's § 2255 motion by November 18, 2002, and defendant, if he wished to do so, was given until December 9, 2002 to file a reply. *See United States v. Finnell,* Criminal No. 00–280–A (E.D.Va. Oct. 28, 2002) (Order). The government thereafter filed its response to defendant's § 2255 motion on November 15, 2002, but defendant declined to file a reply. As both parties have fully briefed the issues raised in defendant's motion, the matter is now ripe for disposition.

## II.

■ As an initial matter, it is important to note that defendant did not raise the various constitutional claims raised in the instant § 2255 motion either in the course of the trial proceedings or on direct appeal. Thus, as defendant correctly acknowledges, his claims are subject to re-

---

**3.** Section 922(g)(9) provides, in pertinent part, that "[i]t shall be unlawful for any person...who has been convicted in any court of a misdemeanor crime of domestic violence, to...possess in or affecting commerce, any firearm or ammunition...." 18 U.S.C. § 922(g)(9).

**4.** Defendant's notice of appeal, filed by his trial counsel, identified four issues for review, namely (i) whether 18 U.S.C. §§ 922(g)(9) and 921(a)(33)(A) are unconstitutionally vague, (ii) whether § 922(g) violates the Fifth Amendment's Equal Protection and Due Process Clauses, (iii) whether § 922(g)(9) violates the Commerce Clause, and (iv) whether this Court properly instructed the jury. On April 4, 2001, however, the Fourth Circuit granted defendant's motion to dismiss his counsel and

proceed on appeal *pro se*. Defendant's subsequently-filed appellate brief did not address any of the issues identified in the original notice of appeal filed by his trial counsel. Instead, defendant argued (i) that his 1993 conviction for assaulting his minor stepdaughter was not a qualifying predicate misdemeanor crime of domestic violence, (ii) that § 922(g)(9) violates the Second Amendment and the Full Faith and Credit Clause, and (iii) that this Court erred in failing to reduce defendant's offense level for acceptance of responsibility and for possessing firearms solely for sporting purposes. It is these three arguments, raised in defendant's *pro se* appellate brief, that the Fourth Circuit considered and rejected on direct appeal. *See Finnell,* at 167.

view on collateral attack pursuant to § 2255 only if he establishes (i) both cause for, and actual prejudice from, his failure to raise the claims earlier, or (ii) that he is actually innocent of the crimes of conviction. *See United States v. Harris*, 183 F.3d 313, 317 (4th Cir.1999) (citations omitted). In this regard, "cause" for failing to raise a claim earlier "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citations omitted). Alternatively, to establish "actual innocence," a defendant must demonstrate by clear and convincing evidence his "actual factual innocence of the offense of conviction," *i.e.*, that he did not commit the crime, and not simply that he is legally innocent. *Id.* at 493–94. These principles, applied here, compel the conclusion that defendant's constitutional claims are procedurally defaulted and thus not subject to review on collateral attack.

■ Specifically, as to the issue of "cause," defendant does not even attempt to argue (i) that his counsel was ineffective, (ii) that his claims are novel, or (iii) that some other external obstacle prevented him or his counsel from raising the claims earlier. See *Mikalajunas*, 186 F.3d at 493. Moreover, because each of defendant's constitutional claims fails on substantive grounds, *see infra* Part III, he is unable to establish the requisite prejudice arising out of the procedural default. *See id.* Nor can defendant establish that he is "actually innocent" of the crimes of conviction, as all of his arguments in this regard arise out of his alleged legal, rather than factual, innocence.[5] *See id.* at 494. Indeed, defendant freely admits in his sup-

porting memorandum that he possessed each of the three firearms charged in the Indictment and that he has a previous conviction for a misdemeanor crime of violence. Given this, defendant's claim of "actual innocence" is without merit.

### III.

■ Even assuming, *arguendo*, that defendant's claims are not procedurally barred, they nonetheless fail on substantive grounds. Specifically, defendant first claims that 18 U.S.C. § 922(g)(9) violates the Eighth Amendment's prohibition against "cruel and unusual punishments" and sentences that are "grossly disproportionate" to the offenses committed. *See Solem v. Helm*, 463 U.S. 277, 288, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). It is well-settled, however, that an Eighth Amendment proportionality review is not available in the Fourth Circuit "for any sentence less than life imprisonment without the possibility of parole." *United States v. Ming Hong*, 242 F.3d 528, 532 (4th Cir.) (citing *United States v. Polk*, 905 F.2d 54, 55 (4th Cir.1990)), *cert. denied*, 534 U.S. 823, 122 S.Ct. 60, 151 L.Ed.2d 28 (2001). Even were this not the case, defendant's 24–month sentence is clearly proportionate to the crimes committed, particularly given "the very serious nature of defendant's unlawful use of the .357 revolver, his untruthful testimony about the event and his reprehensible behavior in striking his wife." *See United States v. Finnell*, Criminal No. 00–280–A (E.D.Va. Dec. 15, 2000) (Sentencing Memorandum). Moreover, defendant's sentence is substantially below the 10–year statutory maximum set forth in 18 U.S.C. § 924(a)(2),

---

5. Specifically, defendant argues that the statute under which he was convicted, 18 U.S.C. § 922(g)(9), is unconstitutional in several respects. Yet, this argument, even if successful, is still insufficient to meet the "actual innocence" standard applicable here. *See id.* at 494.

further evidencing its reasonableness and proportionality to the crimes of conviction.[6]

■ Defendant next claims that § 922(g)(9) violates the Ninth Amendment, which provides, in pertinent part, that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Specifically, defendant claims that § 922(g)(9) is unconstitutional under the Ninth Amendment because it denies him the right to bear arms. Yet, circuit courts across the country have consistently held that the Ninth Amendment does not impinge upon Congress' authority to restrict firearm ownership, as it has done through the enactment of § 922(g)(9).[7] Given this, defendant's Ninth Amendment claim fails.

■ Defendant also claims that § 922(g)(9) violates Clause 1 of the Thirteenth Amendment, which reads as follows:

Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

U.S. Const. amend. XIII, cl. 1. Thus, the Thirteenth Amendment prohibits slavery and involuntary servitude, as well as related "incidents or badges of slavery." *See Washington v. Finlay,* 664 F.2d 913, 927 (4th Cir.1981). Not surprisingly, defendant has failed to identify any relevant precedent to support his Thirteenth Amendment claim, and an independent search conducted by the Court has revealed none. Thus, because the Thirteenth Amendment's prohibition against slavery and involuntary servitude is wholly unrelated to § 922(g)(9), defendant's claim in this regard is properly denied.

■ Finally, defendant claims that § 922(g)(9) violates the Fourteenth Amendment. This argument, like defendant's other constitutional arguments, is clearly without merit, as the Fourteenth Amendment applies only to the states, and not the federal government. *See, e.g., United States v. Edwards,* 98 F.3d 1364, 1368 (D.C.Cir.1996) (recognizing that the "fourteenth amendment does not apply to the federal government"), *cert. denied,* 520 U.S. 1170, 117 S.Ct. 1437, 137 L.Ed.2d 544 (1997); *National Association of Government Employees, Inc. v. Barrett,* 968 F.Supp. 1564, 1572 n. 10 (N.D.Ga.1997) (rejecting Fourteenth Amendment challenge to § 922(g)(9) on the ground that the Amendment does not apply to the federal government), *aff'd,* 155 F.3d 1276 (11th Cir.1998). Moreover, the basis of defen-

---

**6.** Also without merit is defendant's claim that § 922(g)(9) violates the Eighth Amendment by depriving him of his right as an American citizen to own firearms. *See, e.g., United States v. Lewis,* 236 F.3d 948, 950 (8th Cir. 2001) (rejecting Eighth Amendment challenge to § 922(g)(9)); *United States v. Jester,* 139 F.3d 1168, 1170–71 (7th Cir.1998) (rejecting Eighth Amendment challenge to § 922(g)(1)).

**7.** *See, e.g., United States v. Baer,* 235 F.3d 561, 564 (10th Cir.2000) (recognizing that "[t]he circuits have uniformly rejected the argument that the Ninth Amendment encompasses 'an unenumerated, fundamental, individual right to bear firearms' ") (citations omitted); *United States v. Wright,* 117 F.3d 1265, 1275 (11th

Cir.1997) (rejecting defendant's argument that the criminalization of his possession of firearms and pipe bombs "violates his right to privacy and an unenumerated 'natural' right to self-defense inherent in the Ninth Amendment"); *San Diego County Gun Rights Committee v. Reno,* 98 F.3d 1121, 1125 (9th Cir. 1996) (stating that "[w]e join our sister circuits in holding that the Ninth Amendment does not encompass an unenumerated, fundamental, individual right to bear firearms"); *United States v. Broussard,* 80 F.3d 1025, 1041 (5th Cir.1996) (stating that "[w]e are not persuaded to discover or declare a new constitutional right to possess weapons under the Ninth Amendment").

dant's Fourteenth Amendment claim—that the Amendment confers an absolute right on all American citizens to own firearms—is contradicted by the numerous cases, including the Fourth Circuit's decision on direct appeal in this case, upholding the constitutionality of the federal firearms laws on Second Amendment grounds.[8]

### IV.

In sum, it is clear from the record that defendant's constitutional challenges under the Eighth, Ninth, Thirteenth and Fourteenth Amendments fail on both procedural and substantive grounds.

Accordingly, it is hereby **ORDERED** that defendant's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Should defendant wish to appeal this Order he must do so within sixty (60) days, pursuant to Rules 3 and 4, Fed. R.App. P.

The Clerk is directed to send a copy of this Order to defendant and to all counsel of record.

---

**8.** *See, e.g., United States v. Finnell,* 27 Fed. Appx. 166, 2001 WL 1464305 (4th Cir.2001); *United States v. Hemmings,* 258 F.3d 587, 594 (7th Cir.2001); *United States v. Lewis,* 236 F.3d 948, 950 (8th Cir.2001); *United States v. Smith,* 171 F.3d 617, 624 (8th Cir.1999); *United States v. Johnson,* 497 F.2d 548, 550 (4th Cir.1974).