**Earl BUDD, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 31A01–0910–PC–504.**

Court of Appeals of Indiana.

Nov. 19, 2010.

Earl Budd, Carlisle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

VAIDIK, Judge.

Following our opinion in *Budd v. State,* 935 N.E.2d 746 (Ind.Ct.App.2010), which

---

affirmed the denial of Earl Budd's successive petition for post-conviction relief, the State petitions for rehearing. We grant rehearing for the limited purpose of addressing our statement in the decision that, pursuant to the 2010 amendment to Indiana Code section 35–50–6–3.3, sex offenders are no longer eligible to earn educational credit time.

In 2010, Section 35–50–6–3.3 was amended in part by the addition of subsection (m), which provides:

A person may not earn credit time under this section if the person:

(1) commits an offense listed in IC 11–8–8–4.5 while the person is required to register as a sex or violent offender under IC 11–8–8–7; and

(2) is committed to the department of correction after being convicted of the offense listed in IC 11–8–8–4.5.

Ind.Code § 35–50–6–3.3(m) (Supp.2010); *see* P.L. 42–2010, Sec. 2. Indiana Code section 11–8–8–4.5 in turn lists the offenses for which, upon conviction, a person is considered a sex offender. Thus, contrary to our earlier statement, pursuant to the 2010 amendment to Section 35–50–6–3.3, only sex offenders who are committed to the Department of Correction after committing new sex crimes while required to register as sex or violent offenders are no longer eligible to earn educational credit time.

This clarification does not affect our analysis of Budd's equal protection claim. Subject to this clarification, we affirm our original decision in all respects.

NAJAM, J., and BROWN, J., concur.