# FOR PUBLICATION

APPELLANT PRO SE:

**TERRELL HAWKINS**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Aug 28 2012, 8:42 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

TERRELL HAWKINS,                   )
                                   )
    Appellant-Petitioner,          )
                                   )
      vs.                       )    No. 49A04-1201-CR-12
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Respondent.           )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0411-CF-215502

**August 28, 2012**

**OPINION - FOR PUBLICATION**

**GARRARD, Senior Judge**

Terrell Hawkins appeals the denial of his request for educational credit time. We affirm.

Hawkins is incarcerated at the Putnamville Correctional Facility. He is serving a twenty-year sentence following a plea of guilty to dealing in cocaine, a Class A felony. Ind. Code § 35-48-4-1 (2001). At Putnamville, Hawkins began taking college courses through Ivy Tech Community College ("Ivy Tech") for an associate's degree, with the intention of receiving educational credit time.

In the past, the State of Indiana funded postsecondary education programs in correctional facilities. However, in 2011 the General Assembly amended the governing statute, Indiana Code section 21-12-3-13, to provide that such funding cannot be used to assist an inmate who has been convicted of a felony and is confined for that felony in a penal facility. 2011 Ind. Acts 3791. The statutory amendment caused Ivy Tech to end its postsecondary education program at the point when Hawkins had completed two semesters of his associate's degree program and was halfway done. As a result, Hawkins was unable to complete the degree program. He filed a Verified Petition for Additional Credit Time. The trial court denied Hawkins' petition, and this appeal followed.

Hawkins presents the following issue for review: Whether the trial court erred in denying his request for educational credit time.[1]

An incarcerated person may earn educational credit time by obtaining an associate's degree or a bachelor's degree from a postsecondary educational institution.

---

[1] The State argues that Hawkins failed to exhaust his administrative remedies prior to filing his Verified Petition for Additional Credit Time and that the Court should not address the merits of his claim. After reviewing the record, we reject the State's argument and proceed to the merits.

2

Ind. Code § 35-50-6-3.3 (2011). This encourages rehabilitation by providing an incentive to further one's education while incarcerated. *Budd v. State*, 935 N.E.2d 746, 752 (Ind. Ct. App. 2010), *clarified on reh'g*, 937 N.E.2d 867 (2010).

Hawkins contends that the statutory amendment to Indiana Code section 21-12-3-13, which caused Ivy Tech to end the program through which he was pursuing his degree, violates federal and state constitutional prohibitions against ex post facto laws.[2] An ex post facto law applies retroactively to disadvantage an offender's substantial rights. *Budd*, 935 N.E.2d at 752. We determine whether a particular statute is an ex post facto law by examining whether the change increases the penalty by which a crime is punishable or alters the definition of criminal conduct. *Id.*

Here, the statutory amendment that resulted in the end of the educational program in which Hawkins was participating applied prospectively rather than retroactively. Furthermore, although Hawkins may have lost an opportunity to obtain educational credit time, the amendment did not increase his twenty-year sentence or alter the definition of his criminal conduct. Consequently, his federal and state ex post facto claims fail. *See id.* at 753 (determining that an amendment to the educational credit time statute did not constitute an ex post facto law because Budd's sentence was not increased).

Next, Hawkins claims that his federal constitutional right to equal protection was violated because he asserts that other inmates were allowed to complete their degree

---

[2] United States Constitution Article 1, Section 9 provides, in relevant part: "No . . . ex post facto Law shall be passed." Indiana Constitution article 1, section 24 provides, in relevant part: "No ex post facto law . . . shall ever be passed."

programs and obtain credit time.[3]  When addressing a federal equal protection claim, we first determine the applicable level of scrutiny.  *Id.*  Hawkins has not identified himself as a member of a suspect class.  Furthermore, a prisoner has no constitutional right to receive educational credit time.  *Id.*  Classifications not involving a suspect class or a fundamental right are reviewed under a rational basis test, so we apply that test here.  *Bennett v. State*, 801 N.E.2d 170, 175 (Ind. Ct. App. 2003).  Under the rational basis test, we consider whether the government's action is rationally related to a legitimate governmental purpose.  *Fancher v. State*, 918 N.E.2d 16, 20 (Ind. Ct. App. 2009).

In this case, the record reflects that after funding for postsecondary educational programs in correctional facilities was cut, Ivy Tech and the Department of Correction ("DOC") considered whether to allow inmates with one semester of studies remaining to complete their degree programs.  There is no indication that they implemented that course of action.  Nevertheless, even if Hawkins, who was only halfway toward completing his degree program, was not allowed to complete his classes while inmates with one semester left were allowed to finish, his right to equal protection was not violated.  "[U]nder rational basis review, we will not invalidate a challenged distinction simply because the classification is not made with mathematical nicety or because in practice it results in some inequality."  *Budd*, 935 N.E.2d at 753 (quoting *United States v. Jester*, 139 F.3d 1168, 1171 (7th Cir. 1998)).  The distinction between inmates with one semester of studies left and other inmates who were not as close to finishing their degree programs

---

[3] The Equal Protection Clause of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.

has a rational basis and serves a legitimate governmental purpose of encouraging inmate rehabilitation despite budgetary challenges. We find no error.

Hawkins also argues that allowing other inmates to complete their degree programs while he was barred from doing so violated his right to equal treatment under the Indiana Constitution.[4] The purpose of Indiana's equal privileges clause is to prevent the distribution of extraordinary benefits or burdens to any one group. *State v. Price*, 724 N.E.2d 670, 675 (Ind. Ct. App. 2000), *trans. denied*. To determine whether governmental action violates the equal privileges clause, we first consider whether the disparate treatment accorded by the legislation is reasonably related to inherent characteristics that distinguish the unequally treated classes. *Id.* We also consider whether the preferential treatment is uniformly applicable and equally available to all persons similarly situated. *Id.* A challenger bears the burden of negating every reasonable basis for the classification. *Gibson v. Ind. Dep't of Corr.*, 899 N.E.2d 40, 50 (Ind. Ct. App. 2008), *trans. denied*.

Here, accepting Hawkins' assertion that Ivy Tech and the DOC allowed inmates to complete their degree programs if they had one semester left, such a decision was reasonably related to an inherent characteristic, specifically the amount of work an inmate had remaining to complete a degree program. Ivy Tech and the DOC were attempting to balance inmate rehabilitation through education against the loss of funding. Furthermore, the preferential treatment at issue here, specifically allowing inmates with

---

[4] Article 1, section 23 of the Indiana Constitution, also known as the equal privileges clause, provides, "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

only one semester left to finish their classes, is uniformly applicable to all inmates in those circumstances. The distinction between inmates who only had one semester of studies left and inmates who were not as close to being finished has a rational basis, and we find no violation of Indiana's equal privileges clause.

Finally, Hawkins argues that the trial court's denial of credit time for his partial completion of the degree program violates the language and intent of Indiana Code section 35-50-6-3.3. We disagree. We interpret a statute according to the ordinary and plain meaning of the language used, absent clearly manifested intent to do otherwise. *Jacks v. State*, 853 N.E.2d 520, 522 (Ind. Ct. App. 2006). Here, the statute provides, in relevant part, "[A] person earns credit time if the person . . . *successfully completes* requirements to obtain . . . [a]n associate's degree from an approved postsecondary educational institution." Ind. Code § 35-50-6-3.3 (emphasis added). Thus, the statute by its plain language provides that an inmate is entitled to credit time only for completing a postsecondary degree program. It does not authorize partial credit for partial completion, and it does not compel the DOC to provide funding for a postsecondary degree program. We find no error.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and DARDEN, Sr.J., concur.

6