IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50736
Summary Calender
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN SHAWN HARKRIDER,

Defendant-Appellant.

_____
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CR-91
_____

July 11, 1996

Before Smith, Benavides, and Dennis, Circuit Judges.

Per Curiam:

Christian Sawn Harkrider entered a conditional guilty plea to a one-count indictment charging him with possession of a firearm by a convicted felon and alleging an enhancement under the Armed Career Criminal Statute. Harkrider reserved the right to appeal the constitutionality of 18 U.S.C. § 922(g).

Harkrider was convicted for violation of § 922(g)(1) that makes it unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g). He contends that Section 922 is unconstitutional because it is beyond Congress' authority under the Commerce Clause. We disagree. Joining several other circuits, we held, in *United States v. Rawls*, slip op. 3899 (5th Cir. June 17, 1996) (per curiam), Section 922(g) to be constitutional. *See United States v. Sorrentino*, 72 F.3d 294, 296-97 (2d Cir.1995); *United States v. Bell*, 70 F.3d 495, 497-98 (7th Cir.1995); *United States v. Bolton*, 68 F.3d 396, 400 (10th

Cir.1995), *cert. denied* 116 S.Ct. 966 (1996); *United States v. Rankin*, 64 F.3d 338, 339 (8th Cir.), *cert. denied*, 116 S.Ct. 577 (1995); *United States v. Hanna*, 55 F.3d 1456, 1462 & n.2 (9th Cir.1995).

For the above reasons, we AFFIRM the district court's denial of Harkrider's motion to dismiss the indictment based on the alleged unconstitutionality of 18 U.S.C. § 922(g).