**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John S. JACKUBOWSKI, Defendant–**
**Appellant.**

**No. 02–3621.**

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 2003.

Decided April 30, 2003.

Before COFFEY, RIPPLE, and EVANS, Circuit Judges.

ORDER

This is an easy case treading deep constitutional waters. John Jackubowski argues that his conviction for possessing a firearm after a felony conviction, 18 U.S.C.

§ 922(g)(1), contravenes the Second Amendment and exceeds the power accorded Congress by Article I's Commerce Clause. Although his brief cites to voluminous legal scholarship–he is not entirely isolated in his beliefs–his position is unsupported by any case law, even in the lone circuit to have adopted an "individual rights" interpretation of the Second Amendment. We therefore affirm.

In September 2000, an Oak Forest, Illinois, police officer observed Jackubowski driving his truck erratically and pulled him over. Jackubowski failed two field sobriety tests and could not produce a valid driver's license or proof of insurance. The officer arrested him and searched the truck, finding two loaded semi-automatic handguns and an ammunition box containing over 50 bullets of various calibers.

The officer's discovery led the state of Illinois to prosecute Jackubowski for unlawful weapons possession by a felon. 720 ILCS 5/24–1.1. The predicate felony was a 1995 federal conviction for unlawful weapons sales and making threats against the president; Jackubowski had spent almost 3 years in federal prison for those crimes, and was still on supervised release. To the state weapons charge Jackubowski pleaded guilty and was sentenced to 3 years in the Illinois Department of Corrections ("IDOC").

Upon his release from the IDOC in December 2001, federal authorities took Jackubowski into custody, charging him with possession of a firearm by a felon, § 922(g)(1), based on the same two guns for which Illinois had prosecuted him.

Jackubowski filed two motions to dismiss the indictment, raising Second Amendment and Commerce Clause arguments. These the district court denied. Jackubowski then entered a guilty plea and received a sentence of 32 months' imprisonment and 3 years' supervised release. He was also taken before Judge Coar for a hearing on whether he had violated the conditions of his supervised release from his 1995 conviction by possessing the handguns. The judge found that he had, and sentenced him to 18 months' imprisonment to be served consecutively to the 32 months' he'd just received. This appeal concerns only the new conviction.

■ "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed." U.S. Const. amend. II. On appeal, Jackubowski argues that his conviction under § 922(g)(1) runs afoul of this amendment because, according to him, the constitutional language reserves to the states the power to regulate firearms. Additionally, he contends that the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, did not provide Congress the power to enact § 922(g)(1).[1]

■ Neither of these arguments has merit. The first is foreclosed by the Supreme Court's decision in *United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939), which, however unclear it left the precise scope of the liberties shielded by the Second Amendment, *see, e.g., Printz v. United States*, 521 U.S. 898, 938–39 n. 1, 117 S.Ct. 2365, 138 L.Ed.2d 914

---

1. Although Jackubowski's written plea agreement did not expressly reserve his right to appeal, his guilty plea did not result in waiver of his appellate arguments for two reasons. First, Jackubowski's counsel orally conditioned the guilty plea on a reservation of Jackubowski's right to appeal the issues he now presents. The government agreed, and we respect oral reservations of the right to appeal. *See United States v. Yasak*, 884 F.2d 996, 999 (7th Cir.1989). Second, in *United States v. Bell*, 70 F.3d 495, 496–97 (7th Cir. 1995), we ruled that an attack on the constitutionality of § 922(g)(1) is jurisdictional, and thus cannot be waived.

(1997) (Thomas, J., concurring) (noting that *Miller* did not attempt to define substantive right protected by Second Amendment), unambiguously held that the federal government can play *some* role in the regulation of firearms, *see Miller,* 307 U.S. at 178. *See also Lewis v. United States,* 445 U.S. 55, 65 n. 8, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (holding that 18 U.S.C.App. § 1202(a)(1), one of the predecessors to the current version of § 922(g)(1), did not "trench upon any constitutionally protected liberties"). Jackubowski's argument that the Second Amendment reserves firearms regulation to the states (really something of a Tenth Amendment argument in disguise) is also doomed by the case law of this court, which has repeatedly held that federal regulation of firearms is constitutional. *See, e.g., United States v. Hemmings,* 258 F.3d 587, 594 (7th Cir.2001) (neither Second nor Tenth Amendment infringed by federal firearm regulation); *Gillespie v. City of Indianapolis,* 185 F.3d 693, 706–07, 711 (7th Cir.1999) (same); *United States v. Three Winchester 30–30 Caliber Lever Action Carbines,* 504 F.2d 1288, 1290 n. 5 (7th Cir.1974) (Second Amendment not infringed by former § 1202). Even the Fifth Circuit, which, in holding that the Second Amendment guarantees an individual rather than collective right to bear arms has parted ways with this and every other circuit to have addressed the issue, does not believe that the amendment prevents the federal government from regulating firearms possession. *See United States v. Emerson,* 270 F.3d 203, 261 (5th Cir.2002) (upholding against constitutional attack § 922(g)(8), which precludes individuals under certain restraining orders from possessing firearms, and specifically noting that § 922(g)(1) is constitutional), *cert. denied,* 536 U.S. 907, 122 S.Ct. 2362, 153 L.Ed.2d 184 (2002). *Compare Gillespie,* 185 F.3d at 710–11 (collecting cases holding that Second Amendment protects collective, rather than individual, right to bear arms); *Silveira v. Lockyer,* 312 F.3d 1052, 1063 n. 11 (9th Cir.2002) (same).

Jackubowski's contention that § 922(g)(1) exceeds Congress's power under the Commerce Clause is equally flawed. Like other defendants before him, he contends that *United States v. Lopez,* 514 U.S. 549, 551, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), which struck down the Gun Free Schools Act of 1990, 18 U.S.C. § 922(q), as an infringement upon states' authority, should be read broadly to invalidate § 922(g)(1) as well. We have rejected Jackubowski's argument again and again, noting that § 922(g) contains what the statute in *Lopez* did not–a specific requirement that the government prove that the firearm at issue had affected interstate commerce. *See, e.g., Hemmings,* 258 F.3d at 594; *Gillespie,* 185 F.3d at 704–05; *United States v. Wesela,* 223 F.3d 656, 659–660 (7th Cir.2000); *Bell,* 70 F.3d at 497–98. *See also United States v. Wells,* 98 F.3d 808, 811 (4th Cir.1996); *United States v. Harkrider,* 88 F.3d 1408, 1409 (5th Cir.1996); *United States v. Sorrentino,* 72 F.3d 294, 296 (2d Cir.1996).

Our case law dealing with Jackubowski's contentions is substantial and well-settled. The Supreme Court might some day tell us that we are wrong on these points. Until then we will adhere to our prior decisions.

AFFIRMED.